CULOTTA v. NATIONAL GROWERS & SHIPPERS SALES CO.

1. PROCESS—ERROR IN DATE—IRREGULARITY.
   The fact that a garnishee summons was incorrectly dated May 30th instead of April 30th did not render it void, where personal service was made on April 30th, and the return day correctly given as May 31st.

2. JUDGMENT—DEFAULT—SETTING ASIDE—CIRCUIT COURT RULE.
   Where a garnishee defendant, relying upon an error in the date of the garnishee summons, paid no attention to it, and after default duly entered judgment was taken against it, there was no such irregularity shown as to take the case out of the provisions of Circuit Court Rule No. 32, § 4, limiting the time within which application to set aside the default might be made to six months after such default is regularly filed.

Error to Wayne; Mandell (Henry A.), J.   Submitted January 14, 1921.   (Docket No. 7.)   Decided June 6, 1921.

Garnishment proceedings by Frank Culotta and Willett S. Jull, copartners as Culotta & Jull, against the Detroit United Fruit Auction Company, garnishee defendant of the National Growers & Shippers Sales Company.   Judgment for plaintiff.   Garnishee defendant brings error.   Affirmed.

*Payne & Payne* (*George W. Coomer*, of counsel), for appellant.

*Campbell, Dewey & Stanton*, for appellee.

MOORE, J.   The garnishee defendant and appellant has brought a writ of error to review the refusal of the circuit judge to set aside a default judgment.   On

the 26th of April, 1919, a garnishee summons was issued and the same day it was duly served. On the 28th day of April the garnishee defendant wrote a letter which was subscribed and sworn to before a notary public, and sent it to the circuit judge. In this letter it was stated that the garnishee defendant did not owe the principal defendant anything. This letter was attached to the writ of garnishment dated April 26, 1919, and both were placed in the files of the court. On the 30th day of April a second writ of garnishment was taken out, which was returnable on the 31st of May. By a clerical mistake this writ was dated May 30th instead of April 30th. On April 30th, it was personally served on the garnishee defendant and due return thereof was made and filed. Later judgment was taken against the principal defendant. The garnishee defendant paid no attention to the second garnishee summons which had been served on it. June 7, 1919, the default of the garnishee defendant was duly entered. One year, one month and six days later a judgment was taken against the garnishee defendant. This proceeding is instituted to set aside said judgment, it being the claim of the garnishee defendant that because the second writ of garnishment was dated May 30th, instead of April 30th, it was misled thereby and did not think it necessary to pay any attention to it.

It is its further claim that it was not indebted to the principal defendant and that the entry of the judgment works a great hardship to the garnishee defendant.

This litigation involves a construction of that portion of section 4, of Circuit Court Rule No. 32, which reads:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly filed."

Counsel say:

"This default should be set aside and held void and of no effect. Circuit Court Rule No. 32, § 4, provides for entering defaults in general; and in the case of *Turner* v. *Ottawa Circuit Judge,* 123 Mich. 617, this court held that the rule applied only to defaults "duly entered" so that this default was not duly "entered." The second summons in garnishment was absolutely void.

"It was said by Mr. Justice CAMPBELL in *Weimeister* v. *Manville,* 44 Mich. at p. 410:

"'We, however, feel bound to suggest that this remedy is a harsh and peculiar one and ought not to be resorted to without sufficient reason.'

"The proceedings in garnishment must be strictly followed as remarked by Justice SHERWOOD, in *Iron Cliffs Co.* v. *Lahais,* 52 Mich. at p. 396.

"'Statutes of garnishment at best give a "harsh and peculiar remedy" and ought not to be resorted to when the redress sought may be obtained through common-law proceedings'

—citing several cases."

The question presents itself, Was the second garnishee summons void because it was wrongly dated? Chapter 28, section 1, of the judicature act (3 Comp. Laws 1915, § 13122), provides that "a writ of garnishment shall be issued, sealed and tested in the same manner as writs of summons." In chapter 13, sections 2 and 3 of the judicature act (3 Comp. Laws 1915, §§ 12405 and 12406), we find provisions relating to summons, but no mention is made of the date as being a prerequisite to the issuance of any writ. Section 3 provides that the general rule of court shall fix the form of the summons. Circuit Court Rule No. 18, § 1, fixes the time for the return of an original writ as not exceeding three months from the date "when issued." There is nothing in Rules 18 or 19 requiring that the original writ shall be dated although the form

of writ contained in section 3 of Rule 18 has a blank for the insertion of the date of issuance.

It has been said:

"The date of the writ is not a material part of it and may be entirely omitted without invalidating the writ." 32 Cyc. p. 439, notes 59, 60. Citing many cases.

Again:

"The date also is no part of the form of a summons. Hence where a summons is properly issued within the time allowed by law the fact that it was erroneously dated does not render it void." 21 R. C. L. p. 1266.

A similar question was recently before this court in the case of *Neidhold* v. *Henry*, 210 Mich. 598. Justice SHARPE, speaking for the court, said in part:

"The errors in the dates of issuance and return day of the subpœna were mere irregularities. The plaintiff was in no way misled thereby. He was notified by the subpœna that he must enter his appearance within 15 days after its service on him."

In the instant case the return day of the second writ of garnishment was correctly stated. The garnishee defendant if he had paid any attention to the writ was advised by it that he had 31 days in which to make his disclosure. We think no such irregularity is shown as to take the case out of the provisions of Circuit Court Rule No. 32, which we have quoted. See the many cases cited in Searl's Michigan Court Rules, in the notes under Rule No. 32.

The judgment is affirmed, with costs to the appellee.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.