### HILES *v.* THE SELAS CO.

1. GARNISHMENT—STATUTORY PROCEEDINGS MUST BE STRICTLY FOLLOWED.

   The proceeding in garnishment is special and statutory, affording a harsh remedy, and one who pursues it must bring himself within the statute and follow its mandate.

2. SAME—FAILURE TO COMPLY GROUND FOR DISMISSAL.

   Where there was no compliance with 3 Comp. Laws 1915, § 13150, relating to garnishment proceedings where the principal defendant is a nonresident, in that service upon the principal defendant was not made within 60 days as required by said statute, the principal defendant's motion to dismiss all the proceedings should have been granted.

3. SAME—ANY ONE INTERESTED MAY MOVE FOR DISMISSAL.

   Under 3 Comp. Laws 1915, § 13166, the principal defendant, being a person interested, may move for dismissal

of both the principal suit and the proceeding in garnishment.

Certiorari to Wayne; Mandell (Henry A.), J.   Submitted April 11, 1922.    (Docket No. 46.)    Decided June 5, 1922.

Garnishment proceedings by Theron L. Hiles against The Selas Company, principal, and the Ford Motor Company, garnishee.   From an order denying a motion to dismiss, defendants bring certiorari.   Reversed.

*Elroy O. Jones,* for appellants.

*Sanders & Wanamaker,* for appellee.

CLARK, J.   On May 13, 1921, a summons was issued against The Selas Company, a foreign corporation, returnable June 13th, and an affidavit for a writ of garnishment against the Ford Motor Company, a corporation, was filed, and the writ of garnishment was issued and served on the garnishee defendant. Disclosure of no indebtedness was filed on June 2d. The writ of summons was filed with the clerk on the day it was issued, without return thereon.   On July 18, 1921, another affidavit for writ of garnishment was filed and another writ issued and served on the garnishee defendant, who promptly disclosed an indebtedness to the principal defendant.   On August 25, 1921, there were served on the principal defendant at Philadelphia copies of the last affidavit and writ of garnishment, a copy of the writ of summons issued on May 13th, a copy of the last disclosure and a notice to appear and defend within 30 days.   During the 60 days following the service of the writ of garnishment on May 13th, no attempt was made to serve upon the principal defendant.   The proceeding was attempted under section 13150, 3 Comp. Laws 1915, re-

lating to garnishment where the principal defendant is a nonresident, or a foreign corporation. The principal defendant made a motion to dismiss all proceedings, which was denied. On certiorari the questions raised by the motion are here presented.

Was there a compliance with the provisions of the statute above cited? The proceeding in garnishment is special and statutory, affording a harsh remedy. One who pursues it must bring himself within the statute and follow its mandate. *Bank of Italy* v. *Welsh*, 213 Mich. 286. It must be followed strictly. *Culotta* v. *Sales Co.*, 214 Mich. 177.

The statute in part:

"* * * the principal writ or declaration and affidavit may be filed of the day of issue, and the writ of garnishment may be served as in ordinary cases; and within sixty days after such service the plaintiff shall cause to be delivered to such non-resident defendant or defendants, or the president, secretary, cashier or treasurer of such foreign corporation residing out of this State, or upon any officer, clerk or agent residing or to be found within this State, a true copy of the principal writ or declaration, affidavit and writ of garnishment, with return of service thereon, and with a written or printed notice attached, signed by the plaintiff or his attorney, stating that said non-resident defendant or defendants, or foreign corporation, is notified to appear and defend within thirty days after such service." * * *

On the day the writ of garnishment issues, the statute requires the filing of the original writ or declaration and the filing of the affidavit for the writ of garnishment. The filing of the affidavit and the issuing of the writ of garnishment on July 18th were not accompanied on that day by issue of a writ of summons nor by the filing of either writ or declaration against the principal defendant.

It is said in 1 Stevens' Mich. Practice, p. 163:

"The declaration against the principal defendant, if

the plaintiff chooses to begin the suit by declaration, or the writ of summons, if begun in that manner, or the writ of attachment if begun by attachment is filed with the clerk of the court, together with the affidavit for garnishment, 'of the day of issue.' In other words, instead of placing the summons, or the declaration, or the writ of attachment against the principal defendant in the hands of the sheriff, the same is filed with the clerk, on the same day that the summons or attachment against the principal defendant and the writ of garnishment are issued. The writ of garnishment is then served on the garnishee as in ordinary cases."

And a garnishment proceeding is auxiliary to another suit. Had the plaintiff kept his principal proceeding alive by successive writs so that on July 18th an *alias* writ or an *alias* which might have been treated as a new writ might have been filed (see *Axtell* v. *Gibbs*, 52 Mich. 639 to 641, and Circuit Court Rule No. 18), or, if a new writ had been filed, as provided by the statute, a different conclusion might be reached. See *Iron Cliffs Co.* v. *Lahais*, 52 Mich. 394.

Plaintiff contends that the statute does not require the service of a copy of the principal writ upon the principal defendant before the return day thereof. Even if that be true, the failure to file an original writ or declaration on the day of issue of the writ of garnishment and to serve a copy of the same upon the principal defendant are not excused. Defendant being a person interested may move for dismissal of both the principal suit and the proceeding in garnishment. *Blake* v. *Hubbard*, 45 Mich. 1, and see section 13166, 3 Comp. Laws 1915.

It follows that the order denying the motion to dismiss is reversed and the cause is remanded to the circuit court where an order will be entered granting the motion. Defendant will recover costs of both courts.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.