MEEHAN *v.* PARKER.

1. Garnishment—Right to Speedy Trial—Waiver.
   While a garnishee defendant may not later object to a
   delay to which he has consented, nor question the propriety
   of a continuance where he has accepted a continuance fee,
   he does not, without some acquiescence on his part, waive
   the rights conferred upon him by the statute in regard
   to a speedy trial following the judgment in the principal
   case.

2. Same—Disclosure—Waiver of Speedy Trial.
   Disclosure of a garnishee defendant, in response to the
   writ served upon him, that he was not then liable to the
   principal defendant, *held*, not to waive his right to insist
   that the statutory provisions for a speedy trial should
   be followed.

3. Same—Stipulation of Postponement Not Waiver of Right
   to Trial at That Term.
   Where, under the statute in force when a judgment
   against the principal defendant was rendered, the garnish-
   ment proceeding stood for trial at the April term of court,
   a stipulation postponing it to a later date in the same
   term was not a waiver of the right to have it tried at that
   term.

4. Same—Jurisdiction—Delay—Continuance—Waiver.
   Where, in garnishment proceedings, the garnishee defend-
   ant seasonably raised the question of the jurisdiction of
   the court to hear the case after a delay of more than
   12 years, and on the trial again raised it, the making of
   an order of continuance, which was not objected to, *held*,
   not to waive the question of the delay.

Error to Wayne; Carr (Leland W.), J., presiding.
Submitted October 10, 1923.    (Docket No. 40.)    De-
cided December 19, 1923.

Garnishment proceedings by Gustave F. Meehan

against Burt H. Whiteley, principal, and Walter E. Parker, garnishee.     Judgment for plaintiff.     Garnishee defendant brings error.     Reversed, and no new trial ordered.

*Henry B. Graves* and *Edward G. Wasey,* for appellant.

*Clark, Emmons, Bryant & Klein* (*Frederick B. Brown,* of counsel), for appellee.

November 3, 1909, plaintiff brought suit in the Wayne circuit court against the principal defendant. The action was in assumpsit.     January 6, 1910, he instituted garnishment proceedings against appellant defendant who filed on January 26, 1910, a disclosure which is as follows:

"STATE OF MICHIGAN—In the Circuit Court for the County of Wayne.

"GUSTAVE F. MEEHAN,
        Plaintiff,
                v.                    }No. 50,825.
"WALTER E. PARKER,
        Garnishee Defendant.

"STATE OF MICHIGAN,  }
        County of Wayne,  } ss.

"Walter E. Parker of Detroit, Wayne County, Michigan, being duly sworn deposes and says that he is the garnishee defendant named in the writ of garnishment issued in said above cause on the 6th day of January, A. D. 1910 and for answer and disclosure thereto, deponent says as follows:

"That he has no property, money, goods, chattels, credits and effects in his hands or under his custody and control belonging to the said Burt H. Whiteley.  Deponent further says that on or about the 9th day of July, 1903, he entered into a certain contract with the said Burt H. Whiteley by virtue of which he subsequently became indebted to the said

Burt H. Whiteley in the sum of thirty-four thousand seven hundred and fifty dollars ($34,750) and that a part payment was made thereon by this deponent to the said Whiteley so as to reduce the said amount of indebtedness to about the sum of thirty-one thousand dollars ($31,000).

"Deponent further says that before further payments were made on said indebtedness and on or about to-wit the 4th day of April, 1904, a suit or civil action was commenced in the courts of the State of Coahuila in the United States of Mexico by the Coahuila Mining & Smelting Company, Ltd., against said Burt H. Whiteley and others; that service of process in said suit was personally made on the said Burt H. Whiteley; that in said action or civil suit a process similar to writ of garnishment in this jurisdiction was sued and prosecuted out of said court against this deponent, and this deponent was personally served with said process while in said State of Coahuila.    That by the terms of the said writ, this deponent was forbidden, embargoed and restrained from paying any and all moneys which then might be due from this deponent to the said Burt H. Whiteley or any other of the said defendants in said suit, and this deponent was commanded in said writ to make his disclosure in said court regarding this deponent's indebtedness or liability to any of said defendants, Burt H. Whiteley or others, which disclosure this deponent says he made in said court.

"This deponent further says that the claim set up by the said Coahuila Mining & Smelting Company, Limited, in its suit against the said Burt H. Whiteley was for a much larger sum than thirty-one thousand dollars ($31,000) and that said suit is now pending and that the embargo or restraint therein put on this deponent is still in full force and effect and has not been discontinued or abated.

"That this deponent has large business interests in Mexico and while under the garnishment above set forth, cannot safely pay any money into this court, and further this deponent says that he is not indebted to the said Burt H. Whiteley in any other sum whatever.

(Signed)    "WALTER E. PARKER.

"Subscribed and sworn to before me this 26th day of January, 1910.

(Signed) "GEORGE J. KELLOGG.
Notary Public, Wayne County, Mich.
My commission expires Sept. 27, 1911.
"M. B. WHITTLESEY (Signed)
Attorney for Garnishee Defendant,
925 Hammond Building,
Detroit, Mich."

February 5, 1910, plaintiff demanded an oral examination of the garnishee defendant before a circuit court commissioner but nothing came of this. March 5, 1910, plaintiff filed a demand for the trial of the statutory issue. April 1, 1910, judgment was rendered against the principal defendant for $41,728.44. May 19th the parties stipulated to postpone the trial of the garnishment case to a later date in the April, 1910, term of court. In 1917 the principal defendant died testate at his home in Indiana and his estate was there administered, his executors giving a bond in the sum of $200,000. Neither plaintiff's judgment nor any other claims were proven against his estate, nor was anything done in the garnishment case after the April, 1910, term of court until 1922.

June 6, 1922, plaintiff moved for judgment against the garnishee defendant, accompanying such motion with certified copies of the proceedings in the Mexican court showing that the case there pending had been dismissed. Defendant countered with a motion to dismiss the garnishee case, relying principally on the grounds of delay in bringing the case to trial and the fact that the statute of limitations had run against the judgment against the principal defendant. Both motions were overruled and the case set down for an early trial. Defendant filed exceptions to the order overruling his motion. June 26, 1922, the presiding judge by an order continued the case to the September term for the reason that there were more cases set

down for trial than could be disposed of.  It does
not appear that defendant's counsel was present when
this order was made or that he consented to it; nor
does it appear whether the order was made on request
or by the court on its own motion.   Upon the trial
defendant renewed his objections and raised other
ones, all of which were overruled and judgment passed
against him for $51,072.51, being for the sum of
$31,000 with interest to date of the judgment.   The
testimony on the trial showed that the judgment
against the principal defendant had not been paid.

FELLOWS, J. (*after stating the facts*).   We find
it necessary to consider but one of the objections
raised by the defendant.   In the recent case of *W. H.
Warner Coal Co.* v. *Nelson*, 204 Mich. 317, it was held
by this court (quoting from the syllabus) :

"The proceeding in garnishment is special and
statutory, affording a harsh remedy, and one pursuing
it must bring himself within the statute and follow its
mandates."

This was but a reiteration of what had been held
in our earlier cases, some of which were cited in the
opinion in that case.   See, also, *Bank of Italy* v.
*Welsh*, 213 Mich. 286; *Hiles* v. *The Selas Co.*, 219
Mich. 88.   At the time the judgment was rendered
against the principal defendant section 10612, 3 Comp.
Laws 1897, controlled the proceedings.   It is as
follows:

"If the plaintiff obtain judgment against the prin-
cipal defendant, in the circuit court, and the latter
does not, within two days thereafter, serve upon the
garnishee notice of motion for new trial, or of his
intention to remove the cause to the Supreme Court,
the statutory issue shall stand for trial at that term
of the court on the docket containing the suit in the
order of formation of such issue: *Provided*, That in
case the suit be on the court docket and a jury be
demanded by the garnishee, the court shall appoint

a day for the jury trial of such cases, unless the jury be dismissed, and in that event, the case shall stand on the jury docket of the next term: *Provided, further,* That continuances may be applied for and granted, as in ordinary cases, and that the plaintiff shall cause the clerk to place the case on the docket in its proper position, and shall give notice thereof in writing to the garnishee at the same time."

It will be noted that the legislation then in force contemplated a speedy trial of garnishment proceedings following the judgment in the principal case. While the garnishee defendant may not later object to a delay he has consented to (*Meigs* v. *Weller,* 90 Mich. 629), nor later question the propriety of a continuance where he has accepted a continuance fee (*Kiely* v. *Bertrand,* 67 Mich. 332), he does not without some acquiescence on his part waive the rights conferred upon him by the statute which creates this statutory remedy and at the same time limits the manner of its enforcement.     In the last cited case it was said:

"The act contemplates a speedy determination of the garnishee's liability, and any considerable delay by plaintiff, not consented to or acquiesced in by the garnishee, will be cause for a dismissal of the proceedings against him."

In the case of *Blake* v. *Hubbard,* 45 Mich. 1, where this statute was before the court, it was said by Mr. Justice CAMPBELL, speaking for the court:

"The garnishee statute contemplates speedy proceedings.     Its necessary operation is to tie up the hands of the garnishee and subject him to expense and annoyance.     It cannot be regarded as a proceeding in the ordinary course, for it involves many consequences which could not otherwise arise either in law or in equity.     If such proceedings could be delayed indefinitely it might not only injure the garnishee, but it might also affect other persons who have claims on the property in his hands.     It appeared in this case that defendant offered to show subsequent garnishee

proceedings commenced before the final decision of the chancery suit, but was not allowed to do so.

"The statute, section 6477 of the Compiled Laws, declares that if the plaintiff obtain judgment against the principal defendant and there is not within two days a notice of motion for new trial or that the case will be removed to the Supreme Court, the statutory issue shall stand for trial at the term of the court. on the docket containing the suit in the order of the formation of such issue. If a jury is demanded the court is to appoint a day unless the jury has been dismissed, and then it is to stand on the jury docket of the next term. Continuances may be granted as in other cases, and the plaintiff is required to see that the case is docketed, and to notify the garnishee. By section 6481 provision is made that if the principal cause is appealed to the Supreme Court and affirmed, the issue in garnishment shall be tried at the end of the next court or term to which the case has been continued, or at the end of that which was in existence at the time of affirmance. * * *

"We think that the cause cannot be kept open without either a continuance in form or some action equivalent to a consent of the garnishee. * * *

"We think that unless Blake was a party to this delay the proceedings must be regarded as abandoned."

The trial judge entertained the view that the disclosure was the equivalent of a request for a continuance of the case and that the plaintiff would have been entitled to a continuance by calling attention to the disclosure and that it would be an idle ceremony to place the case on the docket each term and have it continued. We are unable to accept this construction of the disclosure or to agree that it was unnecessary to follow the requirements of the statute governing this statutory proceeding in order to keep the proceeding alive. The garnishee defendant was required in response to the writ served upon him to truthfully disclose whether he had property in his possession belonging to the principal defendant and whether he owed the principal defendant any money. He made

a full and complete statement of the facts; it is not questioned but that he told the truth. He made the only disclosure he could truthfully make. Can it be said that because the disclosure established that he was not then liable to the principal defendant that this was tantamount to a request on his part that the proceedings against him should be continued over an indefinite period until he might after many years become liable? We think not. He had no interest in keeping this lawsuit against himself in court for years with the attendant expense. He was but a stakeholder indifferent as to whether he paid to plaintiff here, the plaintiff in the Mexican suit or the principal defendant. It does not follow because he disclosed this situation to the court, because he came into court in response to writ served upon him and disclosed the true state of affairs, that he thereby either directly or inferentially asked that this statutory proceeding take any other than the usual course. If the plaintiff desired to keep this statutory proceeding alive the statute itself pointed the way. By defendant's disclosure he did not waive the right to insist that these statutory provisions should be followed.

In this court it is insisted that the stipulation of May 19, 1910, postponing the trial to a later date in the April term constituted a waiver. Under the statute the case stood for trial at the April term; a stipulation postponing such trial to a later date in the same term was not a waiver of the right to have it tried at that term. The claim is also made in the brief that the order of continuance of June 26, 1922, was not objected to and it is insisted that this was a waiver. This is not sustained by the record. As heretofore stated it does not appear that defendant's counsel was present when this order was made or the circumstances under which it was made. Before it was made defendant had filed his written objections including the claim that by reason of the delay the case

was no longer in court. These objections were a part of the files and before the court as well when the order for continuance was made as they were when the case was set down for trial. Defendant's counsel seasonably by motion raised the question of the jurisdiction of the court to hear the case after the long delay and upon the trial again raised it. He has not waived the question and has properly saved it for review. *Sokup* v. *Davis' Estate*, 206 Mich. 144.

As plaintiff's case must stand or fall upon the files and records of the court below and as these files and records could not be changed or any different case made on a new trial, we perceive no reason for granting one.

The case will, therefore, be reversed without a new trial.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.