SIMON *v.* McCAY.

1. GARNISHMENT—PROCESS—RETURN MAY BE CORRECTED BEFORE FILING.

Correction of a return made by a deputy sheriff serving a writ of garnishment might properly have been made by the sheriff for whom the deputy was acting at any time before filing it with the clerk.

2. SAME—IRREGULARITY IN STATING INITIAL OF GARNISHEE'S SECRETARY NOT FATAL.

A return made by a deputy sheriff showing that a writ of garnishment was served on the garnishee defendant by serving E. S. Merrill, secretary of said garnishee, was sufficient to sustain a default judgment, although the first initial of the secretary's name is "T" instead of "E," since the error was a mere irregularity which could have been cured by amendment, had defendant objected to the service, before default was entered.

3. SAME—NOTICE OF DEFAULT NOT REQUIRED TO BE GIVEN GARNISHEE.

The statute does not require notice to be given a garnishee defendant that its default will be entered.

Error to Wayne; Webster (Arthur), J. Submitted May 3, 1927. (Docket No. 169.) Decided June 6, 1927.

Garnishment proceedings by Ruben Simon and another against Asahel R. McCay and others, principal defendants, and the Cadillac Motor Car Company, garnishee defendant. From an order denying a motion to quash, the garnishee defendant brings error. Affirmed.

---

[1]Garnishment, 28 C. J. § 325 (Anno); [2]Id., 28 C. J. § 322 (Anno); [3]Id., 28 C. J. § 508 (Anno).

239—Mich.—22.

*Stevenson, Butzel, Eaman & Long* (*Charles F. Hemans* and *Charles M. A. Martin,* of counsel), for appellant.

*Rhodes, Garvett & Frankel* (*Morris Garvett,* of counsel), for appellees.

SHARPE, C. J.    Judgment on default against the garnishee defendant is here reviewed by writ of error. The default was entered on May 27, 1924, and judgment rendered on December 23, 1924.    On January 20, 1925, the garnishee defendant moved to quash the return to the writ and vacate and set aside the judgment for the following reasons:

(1) The return shows on its face that it has been improperly amended.

(2) The return does not show service on any officer or agent designated by the statute.

(3) The person named in the return was not an officer or agent on whom service could lawfully be made.

(4) The garnishee defendant was not given notice that default had been entered.

The return of service indorsed upon the writ reads as follows:

"STATE OF MICHIGAN, } ss.
"County of Wayne,      }

"I hereby certify and return, that on the 22d day of April, A. D. 1924, in said county, I served the within writ upon Cadillac Motor Car Company by serving E. S. Merrill, secretary *of said Cadillac Motor Car Company,* the garnishee therein named, by showing the same to *said* E. S. Merrill and at the same time delivering to *said* E. S. Merrill a true copy of said writ.

"Dated:    April 22, 1924.
                    "GEORGE A. WALTERS,
                            "Sheriff of said County,
                    "CHARLES EGE,
                            "Deputy Sheriff."

It is conceded that the words in italics "appear to

have been typed through a different colored ribbon than the remaining words on the return." The motion was supported by affidavits. J. G. Stevenson deposed that he was the "agent and attorney" for the defendant company; that it was not indebted, etc., to the principal defendant at the time of the alleged service of the writ; that E. S. Merrill, the person named in the return, was not then an officer or agent of the company; that Thomas S. Merrill was the secretary of the company at the date such service was claimed to have been made.

A. M. Delaney deposed that she made out the return and used but one typewriter and one ribbon in doing so.

Charles Ege, who made the service, deposed that he signed the return as prepared by Miss Delaney without making any change therein. The record does not disclose by whom it was filed. Ege also made affidavit for plaintiffs, in which he stated that he served the writ on the secretary of the company, and that the person served informed him that his name was "E. S. Merrill." It is apparent that he misunderstood the secretary when he stated the first initial of his name.

We need not pass upon the sufficiency of the return before its amendment as there is no showing that it was amended or changed after it was filed. The correction might properly have been made by the sheriff, for whom the deputy was acting, at any time before filing it with the clerk.

The return shows that service was had on the defendant by showing the summons to its secretary and delivering a copy of it to him. If it be deemed necessary to state his name, the error in the initial letter was an irregularity which could have been cured by amendment, had defendant objected to the service, before default was entered. It is significant that

Secretary Merrill makes no denial that service was made upon him.

The statute does not require notice that default will be entered to be served in such cases.

The judgment is affirmed, with costs to plaintiffs.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.