GOLD v. WEISMAN.

1. Garnishment—Observance of Statutory Requirements.
  While strict observance of statutory requirements in garnishment proceedings is essential, after a proper affidavit has been filed, a substantial compliance is sufficient in the absence of fraud or mistake or showing that one has been misled through a slight error (3 Comp. Laws 1929, § 14857).

2. SAME—RETURN DAY—IMMATERIAL DEFECTS.

Party served with writ of garnishment returnable *on* a day certain instead of *on or before* a day certain must act at once, if it feels itself aggrieved by such an irregularity amendable under statute permitting correction of immaterial defects (3 Comp. Laws 1929, §§ 14149, 14857).

3. SAME—DEFAULT—DELAY IN TAKING JUDGMENT.

Circuit court, in garnishment proceedings, *held*, not to lose jurisdiction to enter judgment because of fact that plaintiff waited six months after entering garnishee's default before taking judgment (3 Comp. Laws 1929, § 14857).

4. SAME—COLLUSION BETWEEN PLAINTIFF AND PRINCIPAL DEFENDANT—JUDGMENT AGAINST GARNISHEE.

Collusion between plaintiff and principal defendant in taking judgment against garnishee *held*, not to excuse garnishee from obeying process of the court.

5. SAME—SETTING ASIDE JUDGMENT AGAINST GARNISHEE.

To set aside judgment against garnishee it must not only show a meritorious defense but also that it was not guilty of any negligence in failing to attend the command of the writ.

6. SAME—DISCRETION OF COURT—DEFAULT.

Trial court *held*, not to have abused discretion in refusing to set aside default of garnishee or judgment entered thereon.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 13, 1937. (Docket No. 99, Calendar No. 39,312.) Decided April 16, 1937. Rehearing denied May 21, 1937.

Garnishment proceedings by Aaron Gold against Manuel Weisman, principal defendant, and Lincoln Mutual Casualty Company, a Michigan corporation, garnishee defendant. Judgment against garnishee defendant. Garnishee defendant appeals. Affirmed.

*Wimsatt & McCabe,* for plaintiff.

*Mark L. Rowley,* for garnishee defendant.

BUTZEL, J. On March 18, 1936, upon an affidavit for writ of garnishment upon judgment being filed,

a writ was issued against the Lincoln Mutual Casualty Company as garnishee, requiring it to appear on April 8, 1936, to make disclosure. The statute, 3 Comp. Laws 1929, § 14857, requires the writ to summon the garnishee to appear "on or before a date to be named" in such writ. Upon the garnishee's failure to disclose, its default judgment of $2,212.67 was entered on the journal of the Wayne circuit court. Shortly after the entry of the judgment the garnishee defendant filed a motion to quash the writ of garnishment and to set aside the judgment. The circuit judge refused to grant the motion. The garnishee defendant presents the same arguments in its appeal as it did in the court below.

Stressing the fact that garnishment is a statutory proceeding, and that the provisions of the statute must be strictly followed, appellant claims that the writ of garnishment was of no force and effect because it was returnable *on* a day certain instead of *on or before* such day. While strict observance of statutory requirements is essential, after a proper affidavit has been filed, a substantial compliance is sufficient in the absence of fraud or mistake or any showing that one has been misled through a slight error. If the garnishee defendant felt itself aggrieved by the process, it should have acted at once. The claimed irregularity is so inconsequential that it could be amended under 3 Comp. Laws 1929, § 14149. In *Cullotta* v. *National Growers & Shippers Sales Co.*, 214 Mich. 177, the court refused to hold the garnishee summons void where a mistake had been made in the date of the process. After a proper affidavit for garnishment, proceedings have not been considered fatally defective, because of slight irregularities. *State Savings Bank of Detroit* v. *Wayne Circuit Judge*, 95 Mich. 100; *Millard* v. *Lenawee Cir-*

*cuit Judge,* 107 Mich. 134; *Simon* v. *McCay,* 239 Mich. 337..

Appellant further claims that the court lost jurisdiction to enter judgment against the garnishee because of the delay of over six months by plaintiff in taking a judgment against the garnishee after the entering of the default. Our attention is not called to any provision in the law that specifies the time in which judgment against the garnishee must be taken after entering of its default. While appellant claims by affidavit that the judgment against the garnishee was brought about by collusion between the plaintiff and the principal defendant, no reason or excuse is given for garnishee's failure to obey the process of the court. In order to have its default set aside, it was not only necessary for garnishee defendant to show a meritorious defense but also that it was not guilty of any negligence in failing to attend the command of the writ. *First National Bank of Boyne City* v. *Pine Shores Realty Co.,* 257 Mich. 289. There was no abuse of discretion on the part of the trial court in refusing to set aside the default, nor does appellant point out any reason why the entry of the judgment on the journal of the court was insufficient.

Judgment is affirmed, with costs to appellee.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.