ABSTRACT & TITLE GUARANTY COMPANY *v.* WILLIAMS.

1. PLEADING—AMENDMENT—LEAVE OF COURT.
    Plaintiff's pleading which contained matters occurring before the filing of the bill of complaint constituted such pleading an amended one rather than a supplemental pleading which latter required leave of court to file, and where the pleading was filed without leave of court after defendant's motion to dismiss had been filed but before answer, it was both proper and timely under pertinent statute and court rule (CL 1948, § 614.15; Court Rule No 26, § 1 [1945]).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RECEIPT OF AMENDED PLEADING.
    The Supreme Court declines to discuss whether or not defendant corporate appellant received copies of plaintiff's amended pleading, where there is nothing in the record to show that the question was raised in the trial court.

3. NOTICE—WAIVER—ORDER DENYING MOTION TO DISMISS.
    A waiver of notice of entry of an order denying a defendant's motion to dismiss was effected by the initialling by its attorney of approval of the order entered.

4. JUDGMENT—SETTING ASIDE DEFAULT—ATTORNEY AND CLIENT—CONFLICT OF INTEREST.
    Entry of order denying motion to set aside default against defendant-appellant *held,* not improper, where attorney who had filed motion represented he was appearing for both defendants disclosed at the hearing thereon that he had discovered a possible conflict of interest between the 2 defendants and elected to represent the other defendant, the circuit judge

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 291 *et seq.*
[2] 3 Am Jur, Appeal and Error § 324.
[3] 37 Am Jur, Motions, Rules, and Orders § 31.
[4] 30A Am Jur, Judgments § 726.
[5, 6] 30A Am Jur, Judgments § 632.

adjourned the matter for 3 weeks, and, on the adjourned date, set the default aside as to one defendant but not as to defendant-appellant whose failure to appear at the adjourned hearing is not satisfactorily explained (Court Rule No 28, § 4 [1945]).

5. SAME—SETTING ASIDE DEFAULT—DISCRETION OF COURT.

Whether or not a defendant against whom a default has been entered is entitled to have the default set aside is within the discretion of the trial court (Court Rule No 28, § 4 [1945]).

6. SAME—SETTING ASIDE DEFAULT—DISCRETION OF COURT.

It was not an abuse of discretion on the part of the trial court to decline to set aside default entered against defendant-appellant, where, notwithstanding its present claim, it has a meritorious defense to plaintiff's action seeking rescission of title insurance policies, the circuit judge did not so find, and defendant had not traversed the significant allegations in plaintiff's bill constituting the gravamen of its complaint and has shown no reasonable excuse for failure to answer after having been served with a bill of complaint (Court Rule No 28, § 4 [1945]).

Appeal from Wayne; Fitzgerald (Neal), J. Submitted October 10, 1961. (Docket No. 47, Calendar No. 49,020.) Decided September 10, 1962.

Bill by Abstract & Title Guaranty Company, a Michigan corporation, against F. J. Williams and Flann, Inc., a Michigan corporation, to rescind title insurance policies. Motion by defendant Flann, Inc., to set aside default decree entered against it. Motion denied. Defendant Flann, Inc., appeals. Affirmed.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*Gregory M. Pillon,* for defendant.

OTIS M. SMITH, J. Flann, Inc., claims appeal from an order denying a motion to set aside a default decree rendered against it. The default of both

defendants was taken for failure to answer the plaintiff's bill of complaint seeking rescission of title insurance policies purchased for the defendants. For reasons enumerated below the trial judge set aside the default of defendant, F. J. Williams, but properly refused to accord the same relief to appellant, Flann, Inc.

Appellant argues 2 questions on appeal. First, that the default and the default decree were improperly taken, and second, that the circuit judge erred in refusing to set aside the default and the default decree against Flann, Inc.

With respect to the first question, appellant asserts that the trial judge permitted the plaintiff to file a supplemental pleading to his bill of complaint without first obtaining leave of court as required by CL 1948, § 614.15 (Stat Ann § 27.825).* This assertion is incorrect. The matters referred to in this pleading occurred before the filing of the bill of complaint; as such, it was an amended rather than a supplemental pleading. *Wood* v. *Truax,* 39 Mich 628; *Rennells* v. *Potter,* 198 Mich 49. Court Rule No 26, § 1 (1945), provides that a plaintiff may amend his bill of complaint at any time before answer, or within 15 days thereafter, without leave of court. "Within the provisions of this rule, a plaintiff may amend his declaration or bill of complaint without leave of court, whenever an objection is made either by answer or motion to dismiss before answer." Honigman, Michigan Court Rules Annotated, p 262. Flann, Inc., filed a motion to dismiss on April 22, 1960. An order denying said motion was entered July 6, 1960. Plaintiff filed its amended pleading June 30, 1960. The answer of appellant Flann, Inc., was not filed until September

---

* "Supplemental pleadings, showing matters arising since the original pleadings were filed, may be filed by either party by leave of court."

2, 1960. It was not necessary, under the circumstances, for plaintiff to obtain permission of the court before amending its complaint. *Coates* v. *Milner Hotels, Inc.,* 311 Mich 233; *Plastray Corporation* v. *Cole,* 324 Mich 433 (8 ALR2d 1199).

Appellant says "the mistake fatal to the plaintiff's proceedings is lack of proof of service of the bill of complaint upon Flann, Inc., the defendant-appellant, and also lack of proof of service showing when the amended bill of complaint was served on the defendant-appellant." The record shows in the return of service on the original summons that a copy of the summons and of the bill of complaint were served on Mary F. Pillon, resident agent for Flann, Inc. Apparently, appellant was not aware of the proof of service of the bill of complaint on file. As to whether or not appellant received copies of the amended pleading, there is nothing in the record to show that this question was raised below and we therefore decline to discuss it now. Appellant further claims error in that, allegedly, it did not receive notice of an order denying appellant's motion to dismiss made below. The record shows that appellant's attorney initialed his approval of the order entered. This constituted a waiver of notice. *Kirn* v. *Ioor,* 266 Mich 335, 337.

The second question raised is whether or not the circuit judge erred in refusing to set aside the default and default decree against Flann, Inc. Following entry of the order of default against both defendants, a motion was made by Max Chomsky, who indicated that he was appearing for both defendants, to set aside the default. This motion was filed on August 26, 1960. The motion was noticed for hearing and at the hearing Chomsky advised the circuit judge that he had discovered a possible conflict of interest between the 2 defendants and that he, therefore, had elected to represent only

one, F. J. Williams. On account of this assertion, the circuit judge adjourned the matter for 3 weeks. On the adjourned date Flann, Inc., did not appear. No satisfactory reason appears in the record for the appellant's failure to attend the adjourned hearing. On that date, the circuit judge entered an order setting aside the default as to the defendant, F. J. Williams. On the same date, that is, September 19, 1960, upon the motion of plaintiff a default decree was entered rescinding the policy of title insurance as to the appellant, Flann, Inc. It is clear from the record that appellant knew that Chomsky declined to represent it well in advance of the adjourned date, September 19th.

Appellant also claims that it has a meritorious defense to the plaintiff's action. Apparently, the circuit judge did not so find. In this connection, it is important to note that significant allegations in plaintiff's bill constituting the gravamen of the complaint were answered by appellant in a manner not constituting a traverse. Absent the showing of a meritorious defense or a reasonable excuse for failure to answer after having been properly served with a bill of complaint, the defendant cannot now complain of the trial court's refusal to set aside the default. *Gold* v. *Weisman*, 279 Mich 352. Whether appellant was entitled to an order setting aside the default rested within the sound discretion of the trial court. Court Rule No 28, § 4 (1945). We find no abuse of that discretion and therefore the judgment is affirmed, with costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

ADAMS, J., took no part in the decision of this case.