UNITED INSURANCE COMPANY OF AMERICA v. GOLDENBERG.

1. JUDGMENT—SETTING ASIDE DEFAULT—REVIEWABILITY.

An order denying a motion to set aside a default is a nonfinal order and, as such, is not appealable as of right before entry of judgment.

2. SAME—SETTING ASIDE DEFAULT—ENTRY OF JUDGMENT—REVIEWABILITY.

The alleged abuse of discretion in a circuit judge's refusal to set aside a regularly entered default may be reviewed of right by the party against whom entered when and if final judgment is entered against him.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur, Appeal and Error § 96.

Appeal from Oakland; Holland (H. Russel), J. Submitted January 10, 1962. (Docket No. 29, Calendar No. 49,073.) Decided March 19, 1962.

Action by United Insurance Company of America, an Illinois corporation, against Pincus Goldenberg resulted in default judgment. Garnishment against Paul J. Bragman, doing business as Paul J. Bragman Agency issued and order of default entered. Motion to set aside default denied. Garnishee defendant appeals. Appeal dismissed.

*Harry B. Letzer (Meyer Weisenfeld, of counsel),* for plaintiff.

*Abel J. Selburn* and *Norman L. Zemke,* for garnishee defendant.

Per Curiam. Plaintiff had judgment against the principal defendant. A writ of garnishment was duly served on the garnishee September 21, 1960. The garnishee says he forwarded the writ to his attorney. The attorney says he prepared a disclosure (showing the garnishee not indebted to the principal defendant) and that he mailed it promptly to his client for signature and filing. The garnishee says he signed the disclosure and mailed it to the clerk of the court September 30, 1960. The clerk received no disclosure for filing, by mail or otherwise. No copy of a disclosure was received by plaintiff's counsel. No copy of the disclosure as allegedly prepared and mailed was produced at hearing of the garnishee's presently considered motion.

The garnishee's default was duly taken and entered October 12, 1960. Proof of service of notice, to the garnishee, of the fact of entry of such default, was filed by plaintiff on the same day. The gar-

. . .  .

nishee moved to set aside the default October 26, 1960. Judge Holland ruled that the garnishee had been negligent in failing to disclose on time and denied the motion. The garnishee appeals from such order of denial, claiming appeal of right.

No judgment against the garnishee has as yet entered. Plaintiff insists that the appeal should be dismissed for want of application and grant of leave to appeal. Its position in such regard is well taken. For discussion of the question of reviewability, upon claim of right, of nonfinal orders in law cases, see *American Eutectic Welding Alloys Sales Co.* v. *Grier,* 363 Mich 175.

The question of alleged abuse of discretion, arising from Judge Holland's refusal to set aside this regularly entered default, may be reviewed of right by the garnishee when and if final judgment is entered against him. *Malooly* v. *York Heating & Ventilating Corp.,* 270 Mich 240; *Great Lakes Realty Corp.* v. *Peters,* 336 Mich 325.

Appeal dismissed. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.