ORDON *v.* SARKO.

1. GARNISHMENT—ORDER SETTING ASIDE DEFAULT—DISMISSAL OF APPEAL—EQUALLY DIVIDED COURT.

Order granting motion to vacate default and default judgment against garnishee defendant is affirmed, where the Supreme Court is equally divided between reversal because of regularity in entry of default and dismissal of appeal for failure to apply for and receive grant of leave and because no appealable-of-right judgment has yet been entered (PA 1961, No 236, § 230).

ON APPLICATION FOR REHEARING.

2. SAME—NONAPPEARANCE OF GARNISHEE—RIGHT TO NOTICE—DEFAULT.

A duly served garnishee defendant who fails to appear in response to writ of garnishment is not entitled to notice of subsequent proceedings, including notice of default (Court Rule No 28, § 4 [1945]).

3. SAME—DELAY IN ENTRY OF JUDGMENT.

The plaintiff's delay of over a year in getting judgment entered against garnishee defendant after order of default had been entered is of no avail to garnishee defendant who sought to have default set aside, where such garnishee had ignored court process.

4. SAME—AMOUNT OF JUDGMENT AGAINST NONDISCLOSING GARNISHEE.

A plaintiff is entitled to judgment against a duly served garnishee defendant who has ignored the writ in the same amount as recovered against the principal defendant (CL 1948, § 628.5).

5. SAME—NONDISCLOSURE.

The failure of an employee of garnishee defendant to file a disclosure is attributable to the garnishee.

Appeal from Wayne; Culehan (Miles N.), J. Submitted January 10, 1963. (Calendar No. 29, Docket No. 49,088.) Decided December 2, 1963. Rehearing denied February 3, 1964, with opinion. Rehearing denied April 6, 1964.

Garnishment proceeding by Chester J. Ordon against Harold S. Sarko, individually and doing business as Harold Sarko Management Co., garnishee defendant in principal case against A. Morgan Johnson. Default judgment, taken against garnishee defendant on failure to disclose, set aside on motion. Plaintiff appeals. Affirmed under PA 1961, No 236, § 230 (CL 1948, § 600.230 [Stat Ann 1962 Rev § 27A-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 902.
[2] 6 Am Jur 2d, Attachment and Garnishment §§ 344, 345, 349, 388.
[3] 6 Am Jur 2d, Attachment and Garnishment § 388.
[4] 6 Am Jur 2d, Attachment and Garnishment §§ 349, 389.
[5] 6 Am Jur 2d, Attachment and Garnishment § 349.

.230]). Application for rehearing denied, and order setting aside default reversed.

*Victor H. Wehmeier,* for plaintiff.

*Grossman, Hyman & Grossman (J. Leonard Hyman* and *Carl Levin,* of counsel), for garnishee defendant.

Smith, J. (*for reversal*).  Almost simultaneously with the commencement of principal suit in June, 1956, plaintiff caused a writ of garnishment to issue and be served personally upon the garnishee defendant, who failed to appear and file disclosure.  Plaintiff obtained judgment against the principal defendant in October, 1958.  Thereafter, the principal defendant was adjudicated bankrupt.  Plaintiff procured from bankruptcy court the right, in contest against the trustee in bankruptcy, to proceed against garnishee defendant as 1 of the principal defendant's debtors.  In December, 1958, an order of default was entered by plaintiff against the garnishee defendant without notice.  In January, 1960, default judgment was entered against the garnishee defendant, who moved in February, 1960, to have the order of default and default judgment set aside.  By order dated December 13, 1960, the trial court granted the motion to set aside and further ordered the cause "scheduled for hearing on the statutory issue", presumably of liability.  Appeal is taken in the nature of mandamus.

Garnishee defendant relies upon *White* v. *Sadler,* 350 Mich 511, in support of his contention that notice of default is required before the 4-month limitation in Michigan Court Rule No 28 (1945) commences to run.  Section 4 of the rule reads, in part, as follows:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be

made within 4 months after such default is regularly filed or entered."

*White* v. *Sadler* is of little help to garnishee defendant. In that case, defendant filed a general appearance, but was defaulted for failure to file answer. This Court affirmed the trial court's denial of motion to set aside the default and judgment. Although it was said in the *White Case* that it is important for the defaulted party to have notice of the default, at least after the default is taken, the case holds (p 518) that "The reason that any notice is given at all is because of Court Rule No 8, § 7 (1945)—which is the general requirement, after appearance." The decision in *White* assumes a case posture in which an appearance has been entered and, therefore, by virtue of Court Rule No 8 (1945), defendant is entitled to "notice of all future proceedings" in the cause. In the instant case, garnishee defendant, because of his failure to appear in response to the writ of garnishment, was not entitled to notice of subsequent proceedings, including notice of default.

Further, *White* v. *Sadler, supra,* 521, 522, contains the following:

"Our Court has traditionally been strict on setting aside defaults once regularly entered. Where a default following personal service is regularly taken, the court rule providing that it shall not be set aside after a certain time (presently 4 months) has generally been regarded as mandatory (*Hensey* v. *Hensey,* 331 Mich 518; *Gombasy* v. *Gombasy,* 318 Mich 139; *Watkins* v. *Wayne Circuit Judge,* 247 Mich 237), and this rule, however harsh, has been subject to few exceptions, the most notable being that of fraud (*Hensey* v. *Hensey, supra*), which is not urged or suggested here."

No fraud is claimed here, but garnishee defendant does contend that the default was not regularly

entered, asserting various claims of irregularity. Garnishee defendant's claim of delay by plaintiff is of no avail to garnishee defendant who ignored court process. Further, that plaintiff is entitled to judgment in the same amount as recovered against principal defendant is established by statute. CL 1948, § 628.5 (Stat Ann § 27.1859). Garnishee defendant's attack on the affidavit for writ of garnishment does not merit discussion. Finally, garnishee defendant blames the failure to file disclosure on his "office lawyer and accountant." Apparently, this was an employee in the office of garnishee defendant. That this failure, if true, is the responsibility of the employer needs no citation. If the "office lawyer" were acting only as attorney for this case, his knowledge of the status of the case is likewise attributable to his client. *White* v. *Sadler, supra.* We conclude, therefore, that the default was entered in substantial conformity to law, which is to say it was regularly entered, and the trial court had no discretion in setting it aside after expiration of the 4-month limitation period. *White* v. *Sadler, supra.*

The order setting aside the default and default judgment should be reversed. Costs should be awarded to plaintiff-appellant.

CARR, C. J., and DETHMERS and O'HARA, JJ., concurred with SMITH, J.

BLACK, J. (for dismissal). Plaintiff's appeal, claimed of right, is from order granting motion to vacate default and default judgment. No appealable-of-right judgment has as yet been entered. The appeal should be dismissed for want of application and grant of leave. See *United Insurance Co.* v. *Goldenberg,* 366 Mich 167; *American Eutectic Welding Alloys Sales Co.* v. *Grier,* 363 Mich 175; *Quail* v. *Cole,* 260 Mich 642.

KELLY, KAVANAGH, and SOURIS, JJ., concurred with BLACK, J.

### On Application for Rehearing.

BLACK, J. Appellant moves for rehearing and calls attention to an order of this Court, entered November 7, 1961. The order reads as follows:

"In this cause a motion is filed by the garnishee defendant to dismiss the appeal heretofore taken herein by plaintiff, and an answer thereto and an application for leave to take delayed appeal having been filed by plaintiff, and an answer thereto having been filed by the garnishee defendant, and due consideration of the respective motions having been had by the Court, it is ordered that the motion to dismiss the appeal heretofore taken herein by plaintiff be and the same is hereby denied, and the application for leave to take a delayed appeal is hereby granted."

The aforesaid order was not brought to attention of the Court in the briefs of the parties; nor upon oral argument. The fact and effect of such order was not discovered by the writer, as by him should have been done, until the present application was filed. Thus 4 members of the Court stood for dismissal of the appeal, and 4 other members stood for reversal of the circuit court's order. See 371 Mich 689, 692.

Had it not been for the apparent fact that the cause was improperly before the Court, all of our membership would have signed Justice SMITH's opinion for reversal. Accordingly, and by unanimous decision of the presently seated Justices, appellant's motion for rehearing is denied and the circuit court's judgment is reversed, with costs to appellant.

KAVANAGH, C. J., and KELLY and SOURIS, JJ., concurred with BLACK, J.

ADAMS, J., took no part in this case on application for rehearing.