DOWNRIVER LOAN CO. *v.* GABBERT

1. APPEAL AND ERROR—VACATION OF DEFAULT JUDGMENT—INTER-LOCUTORY ORDER.

    An order setting aside a default judgment is a nonfinal order and, hence, an interlocutory judgment; appellate review of the order must be by leave to appeal granted.

2. APPEAL AND ERROR—VACATION OF DEFAULT JUDGMENT—INTER-LOCUTORY ORDER.

    Garnishor's appeal from order setting aside a default judgment against the garnishee defendant was dismissed where the garnishor failed to file an application for leave to appeal from the interlocutory order.

Appeal from Wayne, Joseph A. Sullivan, J. Submitted Division 1 November 23, 1971, at Lansing. (Docket No. 10656.) Decided December 8, 1971.

Garnishment proceeding by Downriver Loan Co. against Harry R. Gabbert, Jr., and Nancy Gabbert, principal defendants, and Brender-Hamill & Associates, Inc., garnishee defendant. Default judgment against garnishee defendant. Default judgment set aside. Plaintiff filed an appeal of right. Appeal dismissed.

*R. G. Corace, P. C.* (by *Wayne A. Smith*), for plaintiff.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 856.
[2] 4 Am Jur 2d, Appeal and Error § 295.

*John R. Ryan,* for garnishee defendant.

Before: BRONSON, P. J., and QUINN and DANHOF, JJ.

PER CURIAM. Plaintiff has filed an appeal of right from an order setting aside a default against the garnishee defendant. Upon our review of the record, it is clear that such an order is interlocutory in nature and therefore may not be the subject of an appeal of right. GCR 1963, 806.1.

On May 6, 1970, plaintiff secured a judgment against the principal defendants. An affidavit for writ of garnishment was filed on July 31, 1970, and the garnishment writ was issued on that date. Garnishee summons was served upon garnishee defendant on August 5, 1970, and garnishee defendant thereafter filed a disclosure of liability to the principal defendants. Plaintiff then entered a default against the garnishee defendant for failure of the garnishee defendant to serve a copy of its disclosure upon plaintiff's attorney; garnishee defendant moved to set aside the default; said motion was granted by the trial court; and plaintiff timely filed a claim of appeal in this Court.

An order setting aside a default is a nonfinal, and hence interlocutory judgment. *Quail* v *Cole,* 260 Mich 642 (1932).* As such, it may be reviewed by this Court only upon the filing of an application for leave to appeal. *Conlon* v *State Treasurer,* 23 Mich App 646 (1970). No application for leave to appeal having been filed, this Court can do no more than

---

* See also, *American Eutectic Welding Alloys Sales Co, Inc,* v *Grier,* 363 Mich 175 (1961); *United Insurance Company of America* v *Goldenberg,* 366 Mich 167 (1962); *Ordon* v *Sarko,* 371 Mich 689 (1963).

dismiss the appeal. *Fox* v *Board of Regents of the University of Michigan,* 375 Mich 238 (1965).

The appeal is therefore dismissed. No costs, appellee not having initiated a motion to dismiss pursuant to GCR 1963, 817.5.