PHILIP OLENDER & COMPANY v QUALITY HOUSE BAKERY, INC

GARNISHMENT—JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE—COURT RULES.

Setting aside a default judgment against a garnishee defendant was proper where the trial court found no liability on the part of the garnishee defendant to the principal defendant; and even though a motion to set aside the default had not been filed within four months from entry of the default as prescribed by court rule, the trial court's determination that the garnishee defendant was precluded from moving to set aside the default against it until after four months had expired due to the lack of any notice to it of the proceedings warranted an exercise of discretion by the trial judge in accordance with his authority under the court rules to grant relief from the operation of a judgment (GCR 1963, 520.4, 528.3[6], 738.13[6]).

Appeal from Oakland, William P. Hampton, J. Submitted Division 2 May 14, 1973, at Lansing. (Docket No. 15650.) Decided July 26, 1973.

Complaint by Philip Olender & Company against Quality House Bakery, Inc., to recover a balance due on a contract. Plaintiff served a writ of garnishment upon Servomation of Detroit, Inc. Default judgments were entered against both the principal defendant and garnishee defendant. Servomation of Detroit, Inc., moved to have the default judgment against it set aside. Motion granted. Plaintiff appeals. Affirmed.

*Robert N. Gaberman* and *Arthur J. Cole,* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur 2d, Judgments §§ 682, 701.

*Dickinson, Wright, McKean & Cudlip* (by *Charles F. Clippert* and *Charles T. Harris) (Milton Y. Zussman* and *Robert D. Kaplow,* of counsel), for defendant Servomation of Detroit, Inc.

Before: FITZGERALD, P. J., and T. M. BURNS and ADAMS,* JJ.

PER CURIAM. On July 28, 1971 Philip Olender and Company (Olender) commenced an action in Oakland County Circuit Court against Quality House Bakery, Inc. (Quality House), claiming $64,-247.68 due and unpaid on a contract. On July 29 Olender served a writ of garnishment upon Servomation of Detroit, Inc. (Servomation). Olender entered the default of Quality House on October 20, 1971 for failure to appear and took a default judgment on October 28, 1971, which Quality House never contested.

Default of Servomation was entered on November 2, 1971 for failure to file a disclosure. A default judgment was entered against Servomation for $64,247.68 on December 15, 1971. Subsequent to receiving the writ of garnishment, Servomation received no notice of any of the judicial proceedings until April 11, 1972 when the attorney for Olender by letter informed it of the default judgment. Servomation then moved to have the default judgment set aside and filed a disclosure denying any liability to Quality House.

At a hearing before the circuit judge, Servomation offered testimony to the effect that there was no obligation due and owing from itself to Quality House during July 1971 and thereafter; that Servomation had had no obligations to Quality House for at least one year prior to July of 1971; and

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

that Servomation was not doing business with Quality House in June or July of 1971.

The trial court's opinion states in part:

"However, for some reason, whether by design or otherwise, the court further finds that the garnishee defendant was not notified of any judgment until such time as four months had expired from the entry of that judgment, thus at least ostensibly negating the possibility of moving to set aside the default pursuant to rule 520.4, which must be made within a four month period of time.

\* \* \*

"The court does not find evidence by virtue of sworn testimony or by virtue of affidavit that would substantiate the question of excusable neglect. However, this court has reviewed the Michigan law from the case of *Ordon v Sarko,* 371 Michigan 689 [124 NW2d 876 (1963)] together with the statute and the court rule and this court holds as a matter of law that absent any specific statutory authority or decision that this court does not have any authority to enter a default judgment against a garnishee defendant for an amount greater than the debt which the garnishee defendant owed to the principal defendant. Therefore, the court finds that this judgment is void as a matter of law.

"In addition, this court, pursuant to rule 528.3, subparagraph six, believes that the garnishee defendant is justified in seeking relief from the operation of this judgment, because the court finds that based upon the affidavit together with the testimony which has been offered, the court finds that there is, in fact, no debt which is due the principal defendant from the garnishee defendant, and that it would be unconscionable and I do not believe this court or any court in this state would allow a judgment to stand whereby a party who does not, in fact, owe anything would be required by virtue of this judgment to pay some $64,000.00 in damages by virtue of the fact they failed to file disclosure."

When *Ordon v Sarko,* 371 Mich 689; 124 NW2d 876 (1963), was decided, the language of the gar-

nishment statute[1] as it existed at the time of the proceedings in that case permitted judgment to be recovered from a garnishee defendant in the same amount as recovered against the principal defendant. The strict rule with regard to setting aside defaults followed in *Ordon* was enunciated (1) to aid a plaintiff who might have directed his collection efforts exclusively toward the unanswering garnishee, thus foregoing other potentially collectible garnishee defendants, and (2) to enforce compliance with garnishment procedures.

We decline to pass upon the holding of the trial court that it lacked authority to enter a default judgment against a garnishee defendant for an amount greater than the debt which the garnishee defendant owed to the principal defendant, but affirm the trial court based upon the second reason given for its decision.

GCR 1963, 738.8 now provides the authority for a default judgment against a garnishee. The default judgment may be set aside. GCR 1963, 738.13(6). GCR 1963, 520.4, outlining the procedure to be followed in setting aside a default either before judgment or within four months after default was entered, is not applicable since in this case judgment had entered and four months had elapsed after entry of default. Resort must therefore be had to GCR 1963, 528.3 which provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (6) any other reason justifying relief from the operation of the judgment."

This Court in *McDonough v General Motors*

---

[1] 1948 CL 628.5; MSA 27.1859, since replaced by the Revised Judicature Act and GCR 1963, 738.

*Corp,* 6 Mich App 239; 148 NW2d 911 (1967) considered and applied the above portion of the rule to a wrongful death action in which a default was taken against a party factually unconnected with the case. We are in accord with the reasoning therein set forth.

In this case, the trial court found no liability on the part of the garnishee defendant to the principal defendant and determined that the garnishee defendant was precluded from moving to set aside the default against it until after four months had expired from the entry of the default due to the lack of any notice to it of the proceedings. The facts warranted an exercise of discretion by the trial judge in accordance with the authority granted to him under GCR 1963, 528.3(6).

The trial court is affirmed. Costs to the garnishee defendant-appellee.