DIVERSIFIED EQUIPMENT LEASING CORPORATION v BOOTH

1. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE DEFAULT—ATTORNEY'S NEGLIGENCE—FOUR-MONTH PERIOD.

A trial judge has the discretion to set aside a default judgment where the default was caused by the negligence of defendant's attorney and where the motion to set aside the judgment was made within four months from the entry of the judgment and where manifest injustice would otherwise result.

2. APPEAL AND ERROR—DEFAULT JUDGMENT—DISCRETION OF TRIAL JUDGE—NEGLECT OF PARTY—INEXCUSABLE NEGLECT.

A trial judge's exercise of discretion in refusing to set aside a default judgment should not be overturned where the judgment was entered because of a party's neglect and the neglect is unexplained and inexcusable.

3. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—MANIFEST INJUSTICE—COURT RULES.

A default judgment should be set aside whenever manifest injustice or an unconscionable result flows from the default judgment, even though the policy against setting aside default judgments is strict (GCR 1963, 528.3[6]).

4. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—JUDGES—DISCRETION.

A trial court's refusal to set aside a default judgment is reversible error where the court failed to recognize the existence of its discretion to do so.

Appeal from Genesee, Donald R. Freeman, J. Submitted October 15, 1975, at Lansing. (Docket No. 21271.) Decided February 9, 1976.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 46 Am Jur 2d, Judgment § 727 et seq.
Opening default or default judgment claimed to have been obtained because of attorney's mistake as to time or place of appearance, trial, or filing of necessary papers. 21 ALR2d 1255.
[2, 3] 47 Am Jur 2d, Judgment, § 1152 et seq.

Complaint by Diversified Equipment Leasing Corporation against Douglas D. Booth. Judgment for plaintiff. Plaintiff served a writ of garnishment upon Model Cities Development Corporation, and subsequently a default judgment was entered against Model Cities. Model Cities moved to set aside the default judgment. Motion denied. Model Cities appeals. Reversed and remanded.

*Muller, Holmes, Muller & Smith,* for plaintiff.

*Carl L. Bekofske,* for Model Cities Development Corporation on appeal.

Before: McGregor, P. J. and D. E. Holbrook, Jr., and M. J. Kelly, JJ.

M. J. Kelly, J. This is an appeal from the denial of a motion made by the garnishee defendant to set aside a default judgment.

Plaintiff Diversified Equipment Leasing obtained a judgment against Douglas Booth in the amount of $11,500 on September 8, 1971. Subsequently plaintiff obtained a writ of garnishment against the Model Cities Development Corporation (hereinafter Model Cities). Due to the negligence of its attorney,[*] no one appeared on behalf of Model Cities at a series of hearings on the matter, and a default judgment was entered on August 13, 1973.

Approximately a month later, Model Cities filed a motion to set aside the default judgment. The motion was accompanied by an affidavit signed by Edward Russell, executive director, stating that Model Cities was not indebted to the principal defendant and had no funds in its possession belonging to the principal defendant, Douglas Booth.

At a hearing on the motion held on November

---

[*] Counsel below—appellate counsel was not trial counsel.

20, 1973, defendant argued that the judgment should be vacated because of excusable neglect by the attorney, and because Model Cities had a meritorious defense—that it did not owe any money to the principal defendant. Edward Russell testified that he had been given checks by Douglas Booth as a deposit on houses, but that he was dealing with Booth as a representative of Allied Adjustment Company. He thought that the checks he received were in the name of Allied Builders, but wasn't certain. The checks or money orders were not produced, nor were any records produced regarding these transactions.

After hearing the testimony, the trial court ruled that the default judgment must stand. The judge stated that ample notice was given to Model Cities and its attorney, but that Model Cities had failed to make a disclosure or appear at the hearings. The court held that the knowledge of the attorney was attributable to the client, and that under the circumstances the court had no discretion to set aside the judgment. The trial court relied on the case of *Ordon v Sarko,* 371 Mich 689; 124 NW2d 876; 125 NW2d 853 (1963).

Another hearing on the matter was held on January 4, 1974, and the parties also submitted written briefs. On May 29, 1974, the court reaffirmed the decision to deny defendant's motion to set aside the default judgment, again citing *Ordon v Sarko, supra,* along with the case of *Gold v Weisman,* 279 Mich 352; 272 NW 703 (1937).

In *Ordon v Sarko, supra,* the Supreme Court held that the trial court had no discretion to set aside a default judgment more than four months after the entry of the judgment, where the facts showed simple neglect by the client's attorney. This case followed *White v Sadler,* 350 Mich 511;

87 NW2d 192 (1957), in holding that the court rule requiring that motions to set aside default judgment be made within four months from the entry of judgment mandated strict compliance. That court rule was the predecessor of GCR 1963, 520.4.[1]

While there is language in these two cases stating that the neglect or carelessness of an attorney is not grounds for setting aside a default judgment regularly entered against his client, it is clear that these cases hold only that a default judgment cannot be set aside after the time set in the court rule, *i.e.,* four months, where the reason for the delay is the attorney's neglect. Thus, these cases do not control the outcome in the present case, where the motion to set aside the default was filed approximately one month after the entry of the default judgment.

The trial court also relied on *Gold v Weisman, supra.* This case is closer to the point, since it involved a motion to set aside a default judgment apparently made within the time limits of the court rule. However, in that case, the appellant gave no reason for his failure to appear or make disclosure. The Court stated:

"While appellant claims by affidavit that the judgment against the garnishee was brought about by collusion between the plaintiff and the principal defendant, no reason or excuse is given for garnishee's failure to obey the process of the court. In order to have its default set aside, it was not only necessary for garnishee defendant to show a meritorious defense but also that it was not guilty of any negligence in failing to attend the command of the writ. *First National Bank of*

---

[1] GCR 1963, 520.4 states:

" * * * A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

*Boyne City v Pine Shores Realty Co.,* 257 Mich 289 [241 NW 190 (1932)]. There was no abuse of discretion on the part of the trial court in refusing to set aside the default, nor does appellant point out any reason why the entry of the judgment on the journal of the court was insufficient." 279 Mich at 355.

What the *First National Bank* case, cited in *Gold v Weisman,* actually held was that the trial court did not err in denying a motion to set aside a default judgment, where the defendants could show no reason whatsoever for failing to answer the summons. The Court stated, "No neglect of an attorney is shown. In law and in fact it remains defendants' own pure neglect * * * ." 257 Mich at 291.

Taken together, *Gold v Weisman,* and *First National Bank of Boyne City v Pine Shores Realty Co,* hold only that a party's neglect is not, in itself, a ground for overturning the trial judge's exercise of discretion in refusing to set aside a default judgment, where the neglect is unexplained and inexcusable.

We believe that the case at bar is more like *McDonough v General Motors Corp,* 6 Mich App 239; 148 NW2d 911 (1967). In that case, the plaintiff's decedent was fatally injured when a cable or chain of a stiffleg derrick became detached, causing the cable of the derrick to strike him. The deceased's widow brought action for wrongful death against General Motors and Unit Crane & Shovel. Because of a breakdown in the offices of the defendant's insurer, no action was taken on the matter by defendant Unit Crane, and a default judgment was entered.

This Court held that although the policy against setting aside default judgments is strict, the thrust

of GCR 1963, 528.3(6)[2] is to allow trial courts to set aside defaults, "whenever manifest injustice or an unconscionable result flows from the default". 6 Mich App at 246. The Court in *McDonough* noted that the affidavits of the parties raised a strong probability that the defendant did not manufacture the crane, the failure of which created the liability which was set forth in the plaintiff's complaint. The Court also noted that the failure of the defendant to answer was the result of the breakdown of office procedures. Finding that the default judgment in the case was "unconscionable in the broadest sense of the word", 6 Mich App at 245, and that the plaintiff had not been prejudiced in an ultimate determination on the merits, the Court vacated the order of the trial court denying defendant's motion to set aside the default judgment and remanded the case to the circuit court for trial.

The rationale of *McDonough* has been followed in a number of cases, including *Penney v Protective National Insurance Co,* 24 Mich App 218; 180 NW2d 44 (1970), *Albro Leasing, Inc v Sylvester,* 40 Mich App 227; 198 NW2d 437 (1972), *Philip Olender & Co v Quality House Bakery, Inc,* 48 Mich App 647; 211 NW2d 113 (1973), and *Audretsch v Bailey,* 39 Mich App 116; 197 NW2d 311 (1972). See also *Mission Investment Co v Perfect Totalisator Corp,* 51 Mich App 376; 214 NW2d 898 (1974).

An analysis of the facts in this case do not lead

---

[2] GCR 1963, 528.3, states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence * * * ; (3) fraud * * * , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged * * * ; or (6) *any other reason justifying relief from the operation of the judgment.*"(Emphasis added.)

us to conclude that it would be "manifest injustice or an unconscionable result" to allow this default judgment to stand. The affidavits and testimony of Edward Russell are, to some extent, ambiguous. On the one hand he asserts that there were no monies in the Model Cities' account belonging to Mr. Booth. On the other hand Model Cities was at the time engaged in four different lawsuits, two of which were garnishments. Mr. Russell was familiar with garnishment and with the necessity for filing a disclosure. He had received two checks from Mr. Booth totaling about $17,000. He was asked:

"*Q.* But you're not certain if they were in the name of Allied Builders or Mr. Booth's personal check?

"*A.* Well, no. The only thing is, Mr. Booth was purchasing the houses under the name of Allied Builders."

The problem in this case is that the trial judge expressed incorrectly, that he did not have the authority to set aside the default judgment, that he did not have the discretion to do so. That is incorrect. The judge did have the discretion and he should have exercised it.

We reverse and remand to the trial court for exercise of its discretion, including determination of whether an unjust or unconscionable result would obtain if the judgment were not set aside. If the trial judge determines that the default judgment should be set aside, we direct that the garnishee defendant pay to the plaintiff the costs which the plaintiff incurred in procuring the default judgment, pursuant to GCR 1963, 526.8(1).[3]

[3] GCR 1963, 526.8(1) states:

"If personal jurisdiction was acquired over the defendant, an order setting aside the default or judgment entered thereon shall be condi-

No costs of this appeal are awarded to either party. We retain no further jurisdiction.

tioned on the petitioner's paying or securing to be paid to the plaintiff his taxable costs incurred in procuring the default or judgment and acting in reliance thereon."