NOVI CONSTRUCTION, INC v TRIANGLE EXCAVATING
COMPANY

Docket No. 50132. Submitted November 19, 1980, at Detroit.—Decided
December 16, 1980.

Plaintiff, Novi Construction, Inc., brought suit in Oakland Circuit
Court against defendants Triangle Excavating Company and
two sureties, American Casualty Company and Continental
Casualty Company of Chicago, for $65,217.18, plus interest and
costs, which Triangle allegedly owed plaintiff for labor and
materials furnished by plaintiff pursuant to an oral agreement.
The court, William J. Beer, J., entered a default judgment in
favor of plaintiff. Defendants thereafter filed a motion to set
aside the default judgment. The motion was denied. Defendants
then filed a motion for reconsideration and for clarification of
the order denying the earlier motion. This motion was also
denied. Defendants appeal from the denials of the two motions,
arguing that the trial court improperly refused to exercise its
discretion in ruling on defendants' motions and that the mo-
tions should have been granted because the defendants had
shown both good cause to vacate the judgment and a meritori-
ous defense to the action. *Held:*

1. The trial court specifically found that the defendants had
not shown good cause or a meritorious defense or any other
grounds allowed by the court rules for setting aside a default
judgment. The trial court thus recognized and exercised its
discretion in denying the motions.

2. The exercise of a trial court's discretion in denying a
motion to set aside a default judgment can be successfully
challenged only where there is a clear showing of abuse. The
court rules require that a meritorious defense must be estab-
lished by an affidavit of facts before a default judgment can be
set aside. The affidavit here contained a general conclusory
denial of liability. It cannot be said that the trial court abused

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 682.
[2, 4] 46 Am Jur 2d, Judgments §§ 855, 869 *et seq.*
[3] 7 Am Jur 2d, Attorneys at Law § 56 *et seq.*

its discretion by finding that the defendants had failed to show a meritorious defense based on an affidavit of facts.

Affirmed.

1. JUDGMENTS — DEFAULT JUDGMENTS — MOTION TO SET ASIDE DEFAULT — DISCRETION — APPEAL — CLEAR SHOWING OF ABUSE.

The setting aside of a default judgment rests in the sound discretion of the trial judge and shall be granted only if the moving party shows good cause for vacating the default judgment and files an affidavit of facts showing a meritorious defense; the exercise of a trial court's discretion will be successfully challenged only if there is a clear showing of abuse.

2. JUDGMENTS — DEFAULT JUDGMENTS — MOTION TO SET ASIDE DEFAULT — COURT RULES.

A default may be set aside only when three conditions are all fulfilled: (1) good cause for failure to make timely response must be shown, (2) a meritorious defense must be established, and (3) the showing of a meritorious defense must be based on an affidavit of facts; whether these three conditions are fulfilled is a matter within the discretion of the trial judge (GCR 1963, 520.4).

3. ATTORNEY AND CLIENT — NEGLECT OF ATTORNEY.

An attorney's neglect is generally attributable to the client.

4. JUDGMENTS — DEFAULT JUDGMENTS — MOTION TO SET ASIDE DEFAULT — COURT RULES.

An affidavit stating a general conclusory denial of liability, without giving a factual basis for that conclusion, does not sufficiently comply with the requirement of the court rules that an affidavit of facts showing a meritorious defense must be filed before a default or a default judgment may be set aside (GCR 1963, 520.4).

*Allen & Tendler* and *Zemke, Hirschhorn & Tukel, P.C.,* for plaintiff.

*Carson, Fisher & Potts,* for defendants on appeal.

Before: N. J. KAUFMAN, P.J., and R. B. BURNS and J. W. WARREN,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. On October 31, 1979, a judgment by default was entered against defendants-appellants, in Oakland County Circuit Court, in the amount of $65,217.18, plus interest and costs. From an order of December 5, 1979, denying motions to set aside the default judgment, and from an order of February 13, 1980, denying a motion for reconsideration, defendants appeal as of right, pursuant to GCR 1963, 806.1.

As their first assignment of error, defendants argue that the trial court improperly refused to exercise its discretion in ruling on defendants' motions to set aside the default judgment. The procedure for setting aside a default is governed by GCR 1963, 520.4. The rule in Michigan was reiterated in *Badalow v Evenson,* 62 Mich App 750; 233 NW2d 708 (1975), where this Court stated that the setting aside of a default judgment rests in the sound discretion of the trial judge and shall be granted only if the moving party shows "good cause" for vacating the default judgment and files an affidavit of facts showing a meritorious defense. The exercise of the trial court's discretion will be successfully challenged only if there is a clear showing of abuse. *O'Neill v O'Neill,* 65 Mich App 332; 237 NW2d 315 (1975), *Bennett v Attorney General,* 65 Mich App 203; 237 NW2d 250 (1975).

In *Diversified Equipment Leasing Corp v Booth,* 67 Mich App 206; 240 NW2d 482 (1976), this Court ruled that a trial court has discretion to set aside a default judgment. The trial court in *Diversified Equipment* was reversed because it specifically stated that it had no discretion to set aside the default. In the case *sub judice* the trial judge made no such statement. In denying defendants' motions to set aside the default judgment, the trial court specifically found that:

"[T]he court is of the opinion that defendants have not shown good cause or a meritorious defense, as required by GCR 1963, 520.4, nor any grounds set forth in GCR 1963, 528.3."

From the above analysis, it is apparent that the trial court did exercise its discretion in denying defendants' motions to set aside the default judgment. Thus, defendants' first assignment of error is without merit.

As their second assignment of error, defendants argue that the trial court should have granted defendants' motions to set aside the default judgment because defendants showed both good cause and a meritorious defense. This Court addressed the requirements of GCR 1963, 520.4, in *Asmus v Barrett,* 30 Mich App 570, 574; 186 NW2d 819 (1971), stating:

"a default 'may' be set aside only when three conditions are all fulfilled. First, good cause for failure to make timely response must be shown. Second, a meritorious defense must be established. Third, the showing of a meritorious defense must be based on an 'affidavit of facts'. GCR 1963, 520.4. Whether these three conditions are fulfilled is a matter within the discretion of the trial judge. *Walters v Arenac Circuit Judge* (1966), 377 Mich 37, 47; *Freeman v Remley* (1970), 23 Mich App 441."

More recently, this Court held that the refusal to set aside a default judgment is not an abuse of the trial court's discretion, when no showing of a meritorious defense was made and the defendant did not show good cause for failing to appear at the trial. *Butler v Cann,* 62 Mich App 663; 233 NW2d 827 (1975).

In the instant case, defendants sought to show good cause by alleging neglect and abandonment

on the part of a prior attorney. Defendants were served with plaintiff's summons and complaint. The attorney now charged with neglect and abandonment by defendants never filed an appearance in the instant suit. In the case cited by defendants, *White v Sadler,* 350 Mich 511; 87 NW2d 192 (1957), the Supreme Court held that an attorney's neglect is generally attributable to the client. From the facts before us, it is unclear whether the neglect should be attributed to the defendants or to their prior attorney. Nonetheless, a review of the record supports the trial court's conclusion that the defendants failed to show good cause.

In the motion to set aside the default judgment, the defendants alleged that "Defendant, Triangle Excavating Company, has a meritorious defense to the complaint * * * in that it does not owe the money claimed against it by Plaintiff". Attached to the motion was an affidavit of Triangle's vice-president, who stated that he had read the motion and he believed it to be true.

GCR 1963, 520.4, requires that a meritorious defense be established "by an affidavit of facts". In *Hartman v Roberts-Walby Enterprises, Inc,* 17 Mich App 724; 170 NW2d 292 (1969), *lv den* 383 Mich 774 (1970), this Court agreed with the trial court's ruling that an affidavit was insufficient because it stated a mere conclusion and did not give a factual basis for that conclusion. The affidavit in the instant case, as in *Hartman,* contained a general conclusory denial of liability. Therefore, we cannot disagree with the trial court that the defendants have failed to show a meritorious defense based on an affidavit of facts.

Affirmed.