THOMAS v JONES

Docket No. 45932. Submitted June 2, 1982, at Detroit.—Decided
October 6, 1982.

Brenda Thomas, individually, and as next friend of Marcellous
Thomas, a minor, obtained a default judgment against defen-
dants, Alfred Jones and Betty Jones, in the Wayne Circuit
Court, Horace W. Gilmore, J. Thereafter, defendants brought a
motion to set aside the default judgment which motion was
denied in the Wayne Circuit Court, James A. Hathaway, J.
Defendants' application for a delayed appeal was granted by
the Court of Appeals. Defendants appeal alleging that the court
erred in denying their motion to set aside the default judgment.
*Held:*

1. Defendants failed to present any proof that Alfred Jones
was not personally served with a summons or complaint.

2. Defendants' assertion in their affidavits that they did not
respond to the complaint because of their inability to locate
their attorney at the time does not, under the circumstances,
constitute good cause to set aside the default judgment.

3. Defendants did not file an affidavit of facts showing a
meritorious defense in the lower court as required by the
applicable court rule.

4. The trial court did not abuse its discretion in denying
defendants' motion to set aside the default judgment.

Affirmed.

1. JUDGMENTS — DEFAULT JUDGMENTS — SETTING ASIDE JUDGMENTS
    — COURT RULES.

A trial court may set aside a default judgment only if good cause
is shown and an affidavit of facts showing a meritorious defense
is filed (GCR 1963, 520.4).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments §§ 708, 776.

[2] 4 Am Jur 2d, Appeal and Error §§ 115, 127.
Appealability of order setting aside, or refusing to set aside, default
judgment. 8 ALR3d 1272.

2. Judgments — Default Judgments — Appeal.

    A motion to set aside a default judgment is addressed to the trial court's discretion and will not be disturbed on appeal unless a clear abuse of discretion is shown; the policy of this state is against setting aside defaults and default judgments that have been properly entered.

*Larry Schlussel, P.C.* (by *Robert S. Drazin)* and *Gagleard, Munro, Addis & Gagleard* (by *Michael A. Gagleard),* of counsel, for plaintiffs.

*Leonard R. Eston* and *Bell & Hudson, P.C.* (by *Jerome P. Barney* and *Glen R. Warn),* for defendants.

Before: Bronson, P.J., and R. M. Maher and M. Warshawsky,* JJ.

Per Curiam. Defendants have filed a delayed appeal challenging the trial court's denial of their motion to set aside a default judgment. GCR 1963, 520.4. We affirm.

The trial court may set aside a default judgment only if good cause is shown and an affidavit of facts showing a meritorious defense is filed. GCR 1963, 520.4. The court's denial of a motion to set aside a default judgment will not be reversed absent a clear abuse of discretion. *Novi Construction, Inc v Triangle Excavating Co,* 102 Mich App 586, 589; 302 NW2d 244 (1980). The policy of this state is against setting aside defaults and default judgments that have been properly entered. *Glasner v Griffin,* 102 Mich App 445, 448; 301 NW2d 889 (1980).

Defendants contend in their brief that good cause was shown for their failure to answer plaintiffs' complaint because defendant Alfred Jones

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

was never personally served with a summons or complaint. This argument provides no explanation of why defendant Betty Jones failed to respond to the complaint. Furthermore, none of the various motions or affidavits filed in the lower court in any way suggest that Alfred Jones was not personally served with the complaint. In fact, the affidavit filed by Jones in support of defendants' motion to set aside the default judgment specifically averred, under oath, that a summons and complaint was "duly served upon me". In their affidavits in support of their motion to set aside the default judgment each defendant simply stated that, "I was unable to locate my attorney at that time". Defendants failed to present any proof that Alfred Jones was not personally served with a summons or complaint.

Moreover, defendants' assertion in their affidavits that they did not respond to the complaint because of their inability to locate their attorney at the time does not, under the circumstances, constitute good cause to set aside the default judgment. Such an averment in their affidavits indicates an intent on their part to respond to the complaint upon locating their attorney. The record shows, however, that defendants filed nothing with the trial court until almost nine moths after the default judgment was entered and not until they were served with writs of garnishment. Defendants do not assert that they were unable to locate their attorney for that entire nine-month period; nor do they attempt to explain why a different attorney could not be obtained. Under the circumstances, good cause did not exist to set aside the default judgment. *First Bank of Cadillac v Benson,* 81 Mich App 550, 554-555; 265 NW2d 413 (1978).

Defendants also assert in their brief that, if given a trial on the merits, they would "most

likely" prevail unless plaintiffs could come forth with clear and convincing proof that they were liable. The court rule specifically requires, however, an affidavit of facts showing the meritorious defense. No such affidavit was filed in the lower court. Defendants' assertion that they would prevail unless plaintiffs could establish liability merely states the obvious. It does not satisfy the court rule and does not entitle defendants to have the default judgment set aside.

The trial court did not abuse its discretion in denying defendants' motion to set aside the default judgment, because defendants did not show good cause for their failure to respond to plaintiffs' complaint, and because they did not set forth any facts establishing a meritorious defense.

Perhaps the next time defendants are served with a summons, they will take it more seriously.

Affirmed. Plaintiff may tax costs.