KING v KING

Docket No. 74987. Submitted December 11, 1984, at Detroit.—Decided
    March 3, 1986.

   Plaintiff, Sandra F. King, filed an action for divorce against
   defendant, George F. King, in Wayne Circuit Court. The circuit
   court, Arthur M. Bowman, J., entered a default judgment
   against defendant and, at plaintiff's request, ordered defendant
   to pay plaintiff one-half the value of his military disability
   pension. The circuit court subsequently denied defendant's
   motion to amend the default judgment. Defendant appealed.
   *Held:*

   1. Defendant timely filed his motion to amend the default
   judgment. Moreover, defendant had a reasonable period of time
   to file his motion under a court rule on relief from a judgment
   or order.

   2. The Uniformed Services Former Spouses' Protection Act
   and the supremacy clause of the United States Constitution
   prevent a state court from treating a military disability pension
   as a distributable marital asset in a divorce proceeding.

   Reversed and remanded.

1. JUDGMENTS — RELIEF FROM JUDGMENTS — DEFAULT JUDGMENTS —
   COURT RULES.

   A motion to amend a default judgment pursuant to the court rule
   which provides for relief from a final judgment or order need
   not be brought within the time period specified by the court
   rule for setting aside a default judgment, but may be brought
   within a reasonable time after the judgment is entered (GCR
   1963, 520.4, 528.3[6]).

REFERENCES

Am Jur 2d, Divorce and Separation §§ 870-949.

Am Jur 2d, Judgments §§ 1152-1185.

Divorce: equitable distribution doctrine. 41 ALR4th 481.

Pension or retirement benefits as subject to award or division by
    court in settlement of property rights between spouses. 94 ALR3d
    176.

See also the annotations in the ALR3d/4th Quick Index under
    Default Judgment; Judgments.

2. DIVORCE — MARITAL ASSETS — UNIFORMED SERVICES FORMER
SPOUSES' PROTECTION ACT — CONSTITUTIONAL LAW.

The Uniformed Services Former Spouses' Protection Act and the
supremacy clause of the United States Constitution prevent a
state court from treating a military disability pension as a
distributable marital asset in a divorce proceeding (US Const,
art IV; 10 USC 1408).

3. DIVORCE — MARITAL ASSETS — DIVISION OF PROPERTY.

The goal in distributing assets in a divorce proceeding is to reach
a fair and equitable distribution of property depending on the
needs and resources of each party; factors to be considered by a
trial court in reaching an equitable division of marital property
include the source of ownership of the assets, the length of the
marriage, the age and health of the parties, their station in
life, their earning abilities, other necessities and circumstances,
and any discrepancy in the parties' assets and one party's
income-producing assets.

*Schaden & Heldman* (by *Victoria C. Heldman),*
for plaintiff.

*Duane S. Weed,* for defendant.

Before: GRIBBS, P.J., and MACKENZIE and H. R.
GAGE,* JJ.

H. R. GAGE, J. Defendant appeals as of right
from a circuit court order denying defendant's
motion to amend a default judgment of divorce.
The circuit court ruled that defendant's United
States military disability pension was distributable
as a marital asset.

A default judgment of divorce was entered
against defendant on March 2, 1983. At the hear-
ing for entry of the default judgment of divorce
defendant appeared *in propria persona* and plain-
tiff testified that, in lieu of alimony, she wanted
one-half of the marital assets, which included one-
half of defendant's military disability pension. De-

* Circuit judge, sitting on the Court of Appeals by assignment.

fendant argued that his military disability pension payments were not marital assets. The trial court nevertheless granted the default judgment of divorce and ordered defendant to pay plaintiff one-half the value of the disability pension, such payment to be made from defendant's share of the proceeds from the sale of the marital home. The court similarly denied defendant's motion to amend, ruling that the disability pension constituted a marital asset which should be equally divided between the parties.

Initially, plaintiff argues that the trial court properly denied defendant's motion because defendant did not meet the requirements of GCR 1963, 520.4 for setting aside a default judgment. We disagree. The default was entered against defendant on March 2, 1983. The default judgment was entered on August 19, 1983. Defendant filed his motion to amend on September 1, 1983, pursuant to GCR 1963, 527.5 and 528.3. Therefore, defendant complied with the time constraints of GCR 1963, 527.5 (20 days after entry of judgment) and 528.3(6) (a reasonable time). GCR 1963, 528.3(6) provides for relief from a final judgment for "any other reason justifying relief from operation of the judgment". There is no requirement that the moving party meet the requirements of GCR 1963, 520.4 in order to obtain relief under GCR 1963, 528.3(6). Relief may be granted under GCR 1963, 528.3(6) when relief is time barred under GCR 1963, 520.4. *Olender v Quality House Bakery, Inc,* 48 Mich App 647, 650-651; 211 NW2d 113 (1973).

The substantive question in this case is whether the Uniformed Services Former Spouses' Protection Act, 10 USC 1401 *et seq.,* and the supremacy clause of the federal constitution, US Const, art VI, prevent a state court from treating a military disability pension as a distributable marital asset.

In *McCarty v McCarty,* 453 US 210; 101 S Ct 2728; 69 L Ed 2d 589 (1981), the United States Supreme Court held that federal law precludes a state court from dividing military nondisability retirement pay pursuant to state community property law. In *Grotelueschen v Grotelueschen,* 113 Mich App 395; 318 NW2d 227 (1982), *lv den* 417 Mich 940 (1983), this Court held that *McCarty,* which involved a community property state, applied equally in Michigan.

*McCarty* was subsequently overruled when Congress passed the Uniformed Services Former Spouses' Protection Act, *supra.* See S Rep No 502, 97th Cong, 2d Sess 5, *reprinted in* 1982 US Code Cong & Ad News 1596, 1599-1600. The act provides in part:

"Subject to the limitations of this section, a court may treat disposable *retired or retainer pay* payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 USC 1408(c)(1) (emphasis added).

The act defines "retired or retainer pay" as follows:

" 'Disposable retired or retainer pay' means the total monthly retired or retainer pay to which a member is entitled (other than the retired pay of a member retired for disability under chapter 61 of this title) less amounts which—

\*   \*   \*

"are required by law to be and are deducted from the *retired or retainer pay* of such member, including \* \* \* amounts waived in order to receive compensation under title 5 or title 38 \* \* \* 10 USC 1408(a)(4).

Thus, under 10 USC 1408(c)(1), military retirement

pay may be treated as a distributable marital asset by state courts. However, disability pay is not included in the definition of "disposable retired or retainer pay".

In *In re Marriage of Cullen,* 145 Cal App 3d 424; 193 Cal Rptr 590 (1983), and *In re Marriage of Stenquist (Stenquist II),* 145 Cal App 3d 430; 193 Cal Rptr 587 (1983), the California Fourth District Court of Appeals held that Congress did not intend to deprive state courts of jurisdiction to determine the individual or community character of disability pay merely by failing to include disability pay within the definition of "disposable retired or retainer pay". In *In re Marriage of Costo,* 156 Cal App 3d 781; 203 Cal Rptr 85 (1984), however, the Third District Court of Appeals held that because Congress specifically excluded disability payments made under Chapter 61 of Title 10 (10 USC 1201 *et seq.)* and disability payments made under Title 38 (38 USC 301 *et seq.),* disability pay is excluded from division by the state courts. Other courts have also concluded that 10 USC 1408(a)(4) excludes disability pay from the definition of "disposable retired or retainer pay". *Russell v Russell,* 465 So 2d 181, 183 (La App, 1984); *Inzinna v Inzinna,* 456 So 2d 691, 693 (La App, 1984).

We similarly are persuaded that disability pay is excluded from division by the state courts under 10 USC 1408. Consequently, the trial court was precluded from considering defendant's military disability pension as a marital asset and improperly awarded plaintiff one-half the value of defendant's military disability pension.[1]

In *McCarty,* the Supreme Court clearly held

---

[1] We note that MCL 552.18; MSA 25.98 was recently amended and now provides:

"(1) Any rights in and to vested pension, annuity, or retirement benefits, or accumulated contributions in any pension, annuity, or retirement system, payable to or on behalf of a party on account of

that a retirement pension could not be distributed as a marital asset. In a footnote, the Court noted that this prohibition is not to be circumvented by an "off-setting award". 453 US 228-229, fn 22. Although *McCarty* has been overruled by 10 USC 1408, its rationale applies here since 10 USC 1408 does not allow distribution of a disability pension. Thus, we agree with defendant that his military pension may not be considered "directly or indirectly" in the distribution of the marital property. Cf. *Kendall v Kendall*, 106 Mich App 240, 243-244; 307 NW2d 457 (1981).

In Michigan, the goal in distributing assets in a divorce proceeding is to reach a fair and equitable distribution of property depending on the needs and resources of each party. *Darwish v Darwish*, 100 Mich App 758, 770; 300 NW2d 399 (1980). Other considerations are the length of the marriage, the age of the parties and their health, their station in life, earning ability, and other necessities and circumstances. *Charlton v Charlton*, 397 Mich 84, 95 fn 5; 243 NW2d 261 (1976). In making an equitable distribution of property, a court may take into account both a discrepancy in the parties' assets and one party's income-producing assets. *Bywater v Bywater*, 128 Mich App 396, 400-401; 340 NW2d 102 (1983).

service credit accrued by the party during marriage shall be considered part of the marital estate subject to award by the court under this chapter.

"(2) Any rights or contingent rights in and to unvested pension, annuity, or retirement benefits payable to or on behalf of a party on account of service credit accrued by the party during marriage may be considered part of the marital estate subject to award by the court under this chapter where just and equitable."

Other statutes which provide pensions for government employees also were amended to make the pensions subject to court award pursuant to MCL 552.18; MSA 25.98. See 1985 PA 34, 35, 36, 37, 38, 39, 40, and 41. The amendment to MCL 552.18; 25.98 does not change the result in the present case, since 10 USC 1408 and the supremacy clause preclude defendant's military pension from being considered as part of the marital estate.

This case is remanded to the trial court for reconsideration of the division of the marital assets. In making an equitable distribution of the marital assets, the court may not consider defendant's disability pension. Since plaintiff testified that in lieu of alimony she wanted one-half the assets which she believed included one-half of the disability pension, the court may, in its discretion, consider the question of alimony and make an equitable award of spousal support. We do not retain jurisdiction.

Reversed and remanded for further proceedings consistent with this opinion.