MILLER v RONDEAU

Docket No. 99882. Submitted October 6, 1988, at Lansing. Decided
November 10, 1988.

Clarence and Christine Miller brought an action in Bay Circuit
Court against Martin and Cheryl Rondeau. Defendants failed to
file a timely answer and the trial court, Eugene C. Penzien, J.,
entered a default against defendants. Plaintiffs moved for the
entry of a default judgment and defendants moved to have the
default set aside. The trial court granted plaintiffs' motion and
denied defendants' motion. Defendants appealed.

The Court of Appeals *held:*

The trial court did not abuse its discretion in refusing to set
aside the default since defendants failed to show good cause for
their delay in filing an answer and they did not file an affidavit
of facts showing a meritorious defense.

Affirmed.

1. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT —
COURT RULES.

A motion to set aside a default or a default judgment shall be
granted only if good cause is shown and an affidavit of facts
showing a meritorious defense is filed (MCR 2.603[D][1]).

2. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT —
APPEAL.

A motion to set aside a default or a default judgment is addressed
to the trial court's discretion and the ruling on such motion
will not be disturbed on appeal unless a clear abuse of discre-
tion is shown.

3. MOTIONS AND ORDERS — AFFIDAVITS IN SUPPORT OF MOTIONS —
COURT RULES.

An affidavit filed in support of a motion must be made on
personal knowledge, stating with particularity facts admissible
as evidence establishing the grounds stated in the motion and
showing affirmatively that the affiant, if sworn as a witness,

REFERENCES

Am Jur 2d, Affidavits §§ 21 *et seq.*; Judgments §§ 686, 708 *et seq.*
See the Index to Annotations under Default Judgments.

can testify competently to the facts stated in the affidavit (MCR 2.119[B][1]).

4. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT — PLEADING — APPEAL.

A mere denial of a plaintiff's allegations, without the recitation of facts indicating the existence of a meritorious defense, will be insufficient to cause the Court of Appeals to reverse a trial court's decision denying a motion to set aside a default.

5. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT — GOOD CAUSE.

Good cause for setting aside a default or a default judgment includes (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand.

*UAW-GM Legal Services Plan* (by *Charles R. Wellman*), for plaintiffs.

*Brian M. Barkey,* for defendants.

Before: McDONALD, P.J., and WAHLS and R. L. TAHVONEN,* JJ.

PER CURIAM. Defendants, Martin Timothy Rondeau and Cheryl Ann Rondeau, appeal from an April 13, 1987, order of the Bay Circuit Court denying their motion to set aside a default entered on January 27, 1987, in favor of plaintiffs, Clarence Miller and Diane Christine Miller. On appeal, defendants argue that the default entered against them should be set aside and the case should be remanded for trial because the trial court erred in refusing to exercise its discretion when considering the motion to set aside the default, in finding that defendants had not filed an affidavit in support of their motion, as is required under MCR 2.603(D)(1), and in concluding that defendants had

* Circuit judge, sitting on the Court of Appeals by assignment.

not presented a meritorious defense, as is required under MCR 2.603(D)(1). We affirm.

MCR 2.603(D)(1), regarding motions to set aside an entry of default or judgment of default, provides:

> A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

A trial court's decision concerning whether good cause has been shown or a meritorious defense has been presented will be affirmed on appeal absent a showing of abuse of discretion. *Cramer v Metropolitan Savings Ass'n (Amended Opinion),* 136 Mich App 387, 398; 357 NW2d 51 (1984).

The record reveals that defendants sold plaintiffs a mobile home on September 27, 1986, for $13,800. Under the terms of the sales contract, which was drafted by defendants, plaintiffs were required to pay $1,250 down and the balance "in non-interest bearing monthly installments of one hundred ninety three and 90/100 ($193.90) Dollars." In their complaint, plaintiffs alleged that they were assured by defendants that "they owned the mobile home, free and clear, and were legally able to transfer title," but that, in fact, the mobile home was subject to a mortgage interest held by Tower Federal Savings Bank. Accordingly, plaintiffs requested, among other things, that defendants be ordered to pay off the mortgage in full.

Defendants were served with a copy of the complaint on December 29, 1986, and failed to file a timely answer. On January 29, 1987, a default was entered against them. Plaintiffs then filed a motion for entry of a default judgment. On February

9, 1987, a hearing was conducted on plaintiffs' motion, at which defendant Martin Rondeau appeared. The court expressed its intention to grant plaintiffs' motion, but required the parties to return to court for a determination of damages. On March 23, 1987, after conducting a hearing on a motion filed by defendants to set aside the entry of default, the court determined plaintiffs' damages to be $9,504.34. An order denying defendants' motion to set aside the entry of default was entered on April 13, 1987, and a default judgment ordering defendants to pay $9,504.34 was entered on March 23, 1987.

On appeal, defendants, citing *Diversified Equipment Leasing Corp v Booth,* 67 Mich App 206, 212; 240 NW2d 482 (1976), argue that "the trial court erred in refusing to exercise its discretion when considering [the] motion to set aside the default." In *Diversified Equipment,* the trial court expressed a belief that it had no authority or discretion to set aside a default judgment. In the present case, however, our perusal of the hearing transcripts reveals that the trial court was well aware that it had the authority and discretion to set aside the default entered on January 29, 1987. At the hearing on March 23, 1987, defendants' attorney specifically informed the court that "we address this [issue] to your discretion, that you identify this as being sufficient just cause to allow us our day in court," and the court itself, in deciding to deny defendants' motion, emphasized that a decision to grant or deny a motion to set aside an entry of default is a discretionary one. The judge stated that fulfillment of the requirements of the court rule would necessitate the granting of a motion to set aside an entry of default, and that "I can set certain conditions, and these conditions are within my discretion."

Second, defendants argue that the trial court erred in finding that defendants had not filed an affidavit in support of their motion, as is required under MCR 2.603(D)(1). Defendants concede that they did not file a separate document entitled "affidavit" in which facts showing a meritorious defense were set forth. They reason, however, in their one-page discussion of this issue—a discussion which includes not one citation to case law—that the verified pleadings they filed prior to the court's denial of their motion to set aside the entry of default were sufficient to "satisf[y] the 'affidavit' requirements of MCR 2.603(D)(1)." In light of the information in their late-filed answer, affirmative defenses and counterclaim, which declare that the statements made therein are true "to the best of their information, knowledge, and belief," the filing of an affidavit of facts, defendants suggest, would merely have been a superfluous act. As noted by the trial court, however, the requirements regarding the form of verification for a pleading and the form of an affidavit are significantly different. For example, a pleading may be verified merely by the declaration that the statements in the pleading are true and accurate to the best of the signer's information, knowledge and belief, MCR 2.114(A)(1)(b), whereas an affidavit filed in support of a motion must be made on personal knowledge, stating with particularity facts admissible as evidence establishing the grounds stated in the motion and showing affirmatively that the affiant, if sworn as a witness, can testify competently to the facts stated in the affidavit, MCR 2.119(B)(1). The verified pleadings relied upon by defendants in this case contain no statements sufficient to satisfy the criteria applicable to affidavits filed in support of a motion.

Even if we were to accept defendant's argument

that the verification of their pleadings was suffi-cient to fulfill the affidavit requirement in MCR 2.603(D)(1), we would not find it necessary to re-verse the trial court's denial of defendant's motion to set aside the entry of default because the court did not abuse its discretion in determining that defendants were unsuccessful in presenting a meri-torious defense, as is required under MCR 2.603(D)(1). Plaintiffs allege in their complaint that defendants never revealed that the mobile home was held subject to a mortgage. Although in the verified documents filed by defendants prior to the hearing on their motion to set aside the entry of default they conclusorily state that plaintiffs knew that the mobile home was being sold subject to a mortgage, such statement is declared without ben-efit of adequate supporting facts and details. The mere denial of a plaintiff's allegations, without the recitation of facts indicating the existence of a meritorious defense, is insufficient to cause this Court to reverse a trial court's decision denying a motion to set aside a default. *Poling v Secretary of State,* 142 Mich App 54, 61-62; 369 NW2d 261 (1985); *Novi Construction, Inc v Triangle Excavat-ing Co,* 102 Mich App 586, 590; 302 NW2d 244 (1980). Accordingly, we agree with the trial judge, who concluded: "I don't find anything that would indicate there is in fact a defense to the plaintiff's [sic] complaint."

In closing, we note that the trial court also found that defendants failed to establish good cause for their delay in filing an answer to plain-tiffs' complaint. In their appellate brief, defendants do not argue that the trial court erred regarding its good-cause finding. For purposes of MCR 2.603(D)(1), "good cause" includes:

(1) a substantial irregularity or defect in the proceeding upon which the default is based, (2) a

reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result if the default is not set aside. 3 Martin, Dean & Webster, Michigan Court Rules Practice, p 386. See also *Federspiel v Bourassa,* 151 Mich App 656, 660; 391 NW2d 431 (1986). [*Reed v Walsh,* 170 Mich App 61, 64; 427 NW2d 588 (1988).]

In this case, our reading of the transcripts and pleadings convinces us that defendants have not established good cause. Indeed, we agree with the trial court in its conclusion that, although defendant Martin Rondeau "talked to a couple of lawyers" after being served on December 29, 1986, he "somehow didn't get things done" in a timely fashion. The trial court stated:

> We just know that he talked to a couple of lawyers and somehow he didn't get things done and it's sometime—the end of January, a month later, before the default is entered. But—If we had some specifics, I might be able to find good cause for not filing the answer on time, but I don't.

Thus, even if we were to agree with defendants that the verification of their pleadings was sufficient to fulfill the affidavit requirements in MCR 2.603(D)(1), and that the trial court abused its discretion in determining that defendants did not present a meritorious defense, we would not find it necessary to reverse the trial court's denial of defendants' motion to set aside the default because good cause for failing to file a timely answer was never established.

"Perhaps the next time defendants are served with a summons, they will take it more seriously." *Thomas v Jones,* 120 Mich App 191, 194; 327 NW2d 433 (1982).

Affirmed. Costs to plaintiffs.